Keith
*v.*
Cor.g. Parish
in Easton.

WILLIAM W. NYE *versus* HANNAH LISCOMBE and Trustee.

Where, in a trustee writ, the defendant was described as an inhabitant of another State, and the officer returned, that he had summoned the trustee, and no service was made upon the defendant by a direct attachment of his property or otherwise, and the trustee disclosed, that he was indebted to the defendant but was not an inhabitant of this Commonwealth, it was *held,* that the courts of this Commonwealth were not authorized to take cognizance of the action, although personal notice of the pendency thereof was given to the defendant in pursuance of an order of court ; and that as these facts appeared upon the record, including the return and the answer of the trustee, the action should be dismissed on motion.

The appearance of the defendant in such case, by an attorney of the court, merely to move that the action should be dismissed for want of service, will not give the court jurisdiction of the action ; and as such motion is not technically a plea to the jurisdiction, it may rightfully be made by attorney.

ASSUMPSIT on a promissory note.   The defendant was described in the writ, as of Providence in the State of Rhode Island, the plaintiff, as of Fall River in this county, and the trustee, as commorant of Fall River.   The officer returned, that he had made personal service upon the trustee, and left an attested copy of the writ at the last usual place of abode of the defendant in this Commonwealth.   At the March term of the Court of Common Pleas in 1838, the action was entered ; and personal notice was given to the defendant in pursuance of an order of court.   T. Sanford, the trustee, was defaulted.

At the June term of that court, the defendant appeared by her attorney, alleged that no property of hers liable to attachment and sale on execution, had been attached in the suit, and moved that the court should take no further cognizance of the action.   The trustee also came into court, at the same term, and filed a motion in writing, alleging that he was not, and had

Nye
v.
Liscombe
and Tr.

not been for more than five years next before the day when the writ was served, an inhabitant of this Commonwealth, but was an inhabitant of Rhode Island, and praying to be discharged. In his answer, the trustee disclosed, that at the time of the service of the writ upon him, he was indebted to the defendant in the sum of $50.

The action was continued to the September term of that court, when judgment was rendered, that the trustee should be discharged, and the action be dismissed. From this judgment the plaintiff appealed.

*Oct. 27th.*   *Battelle* and *Williams*, for the plaintiff, to the point, that the action ought not to have been dismissed, because the defendant appeared by her *attorney*, not one specially authorized, but an officer of the court, and thereby admitted its jurisdiction, cited *Guild* v. *Richardson*, 6 Pick. 364, 371 ; to the point, that as the matters showing a want of jurisdiction in the court were not apparent on the record, and so were traversable, they should have been taken advantage of by plea, and not by motion ; *Mitchell* v. *Starbuck*, 10 Mass. R. 5, 6 ; *Gage* v. *Gannet*, 10 Mass. R. 176 ; Cushing on Trustee Process, *part* 4, § 336 ; and to the point, that the facts disclosed did not justify the court in dismissing the action, Revised Stat. *c.* 90, § 3, 4, 5, 39, 44, 45, 48 ; *St.* 1837, *c.* 210, § 1 ; Story on Conflict of Laws, § 546 ; *Badlam* v. *Tucker*, 1 Pick. 389, 391, 395 ; *Nelson* v. *Omaley*, 6 Greenl. 218 ; *Davis* v. *Marston*, 5 Mass. R. 199 ; *Lawrence* v. *Smith*, 5 Mass. R. 362 ; *Tingley* v. *Bateman*, 10 Mass. R. 343 ; *Gardner* v. *Barker*, 12 Mass. R. 36 ; *Jacobs* v. *Mellen*, 14 Mass. R. 132 ; *Bissell* v. *Briggs*, 9 Mass. R. 470 ; *Shumway* v. *Stillman*, 4 Cowen, 296 ; *Ray* v. *Underwood*, 3 Pick. 302.

*Coffin*, for the defendant, to the point, that the Court were not authorized to take cognizance of the action, cited Revised Stat. *c.* 90, § 44 ; *Tingley* v. *Bateman*, 10 Mass. R. 343 ; *Gardner* v. *Barker*, 12 Mass. R. 36 ; *Blake* v. *Jones*, 7 Mass. R 28.

*Oct 29th.*   SHAW C. J. delivered the opinion of the Court. Two principal questions arise in this case ; 1. Whether the facts disclosed, furnish sufficient ground upon which to dismiss the action ; and 2. Whether it can be done in this way upon

motion, or whether the matter should have been pleaded in abatement.

We think it very clear, that an ordinary action at common law will not lie in this Commonwealth against an inhabitant of another State, unless either his person or his property is found within the jurisdiction of the court.

In this case, the defendant is described to be an inhabitant of Rhode Island, and therefore whether she is rightfully sued here or not depends upon the fact whether her property is rightfully attached in the hands of the trustee. The trustee is described to be commorant of Fall River in this county. This term, *commorant*, is equivocal, and is consistent with the fact that the party is, or is not an inhabitant having his domicil at Fall River. Then the trustee comes in, and by his answer alleges, that he is not, and for five years last past has not been, an inhabitant of this Commonwealth. Such being the fact, and the answer being the competent and proper mode of proving it, we think the trustee must be discharged, and that this is well settled as the construction of the statute. *Tingley* v. *Bateman & Tr.* 10 Mass. R. 343. The trustee being discharged, and no other property being attached but that in the hands of the trustee, there is no such service as to enable the Court to take cognizance of the cause.

The personal notice ordered to be given to the defendant, she not being an inhabitant of the State, and not being otherwise duly summoned, cannot avail. Such notice is properly ordered, where by an attachment of property in the hands of a trustee or otherwise, the defendant has been duly summoned, and is liable to the process of the court. So, where notice is to be left at the last and usual place of abode of a party, who has had a domicil in the Commonwealth, it is to apply to a case where by an attachment of property or otherwise, the Court has cognizance of the cause, independently of the personal service on the defendant.

2. The other question is, whether this action can be dismissed on motion.

We take the rule to be this. Where the matter, on which the defendant relies to abate the suit, is a fact not appearing upon the record or the return of the officer, it must be pleaded

in abatement, so as to give the other party an opportunity to traverse and try it.   But where all the facts upon which the claim to have the process abated is founded appear by the record including the return of the officer, of which the court will take notice without plea, there the action may be dismissed on mo‐ tion.   In that case the motion is not intended to state new facts, but merely to bring to the attention of the court, and also to furnish notice to the other party, of those facts appearing on the record and return, which of themselves are sufficient to show that the action cannot be properly proceeded in for want of due service, or other defect in the proceedings.   Testing this process by this rule, we think that the motion to dismiss the action is the proper course.   It appears by the writ that the defendant is an inhabitant of Rhode Island.   It appears by the officer's return, that no attachment was made except of the effects in the hands of Sanford the trustee.   It then appears, by the answer of that trustee, which is sworn to and is now to be taken as part of the record, that he is not liable to be charged as such trustee, because he is not an inhabitant of the Common‐ wealth.   There was then no such service, as can enable the Court to proceed in the action, and the order to dismiss it is the proper judgment.

The appearance of the defendant by attorney merely to move the court to dismiss the suit for want of service, cannot give the court jurisdiction, because it cannot be considered as a waiver by the defendant of the very exception which she comes to make.   As it was not technically a plea to the jurisdiction, t was rightfully made by attorney.

*Judgment of the Court of Common Pleas dismissing the action, affirmed.*