JOSEPH WAGNER, Jr.,

*vs.*

KATHERINE KLEIN and LOUISA BECKER,
Executrices.

*Executors: suits against; on promises of testator.　Mental
capacity: evidence of attending physician; evidence of
member of family.　Prayers: arrangement in
such paragraphs not commended.*

Upon a trial of a caveat to a will, evidence had been offered
and admitted without objection, that the testatrix knew that
the witness had worked to pay for medical attendance, etc., for
the witness' husband, who was an invalid, and the son of the
testatrix, and that the testatrix had said that such payments
"would all come back" to the witness; the witness was then
asked what in round numbers was the total sum so paid; an
objection to the question was sustained, and, on appeal, the rul-
ing of the Court below was held to be correct.　　　p. 232

A physician who, for a number of years, regularly attended
a testatrix, is competent to state his opinion as to the testa-
trix's mental capacity, but he must state the facts and circum-
stances upon which the opinion is based.　　　·　　　p. 233

In the evidence of a caveator, testimony had been adduced
tending to show that the testatrix had said that it was not very

pleasant for her at the home of her daughter, because "all that she heard was money"; in rebuttal, the caveatees offered to show that money, investments, rates of interest, etc., and business conditions, were the favorite topics with the testatrix, and since she was not able to read she depended entirely upon what was told her. *Held,* that under the circumstances, the evidence was relevant and admissible.                              p. 234

Testimony of the testatrix's son-in-law, who had lived with her for 26 years, is admissible to show that he thought her a very staunch business woman.                              p. 235

While the arrangement of a prayer in separate paragraphs, instead of in the usual form, is not one that is approved, yet it is not always of sufficient moment to warrant a reversal.   p. 236

*Decided February 10th, 1915.*

Appeal from the Baltimore City Court.   (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William Colton,* for the appellant.

*Joseph N. Ulman* and *Clarence A. Tucker* (with whom were *Samuel J. Harman* and *Charles H. Knapp* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The questions to be determined in this appeal have been raised upon exceptions to the rulings of the Court below, upon the trial of issues framed by the Orphans' Court of

Baltimore City, and sent to a law Court for trial, upon the caveat to the will of Josephine Wagner, Sr.

There were five issues, and they involved these questions: (1) Was the testatrix of sound and disposing mind, memory and understanding; (2) was the alleged will executed in compliance with the provisions of law; (3) was the testatrix subjected to undue influence; (4) was the alleged will procured by fraud, and (5) did the testatrix know or was she informed of the contents and effect of the alleged will at the time of execution.

The will in controversy was executed on the 13th day of January, 1913, during the last illness of the testatrix; she dying on the 24th day of January, 1913. The testatrix was at that time seventy-one years of age. Her next of kin were two daughters and a grand-daughter, a daughter of a deceased son. During the last few years of her life, she had made her home alternately with her daughters, with the exception of a brief period when she lived alone. The will provided for specific money legacies to her great-grandchildren and grandchildren, including the caveator to the will, who is the daughter of the deceased son, and left the residue of the estate to the two daughters.

During the trial, the caveator reserved eighteen exceptions to the ruling of the Court on questions of evidence. All of them, except the fifth, tenth, eleventh, fifteenth, sixteenth, seventeenth and eighteenth, have been abandoned. Exception was also taken to the action of the Court in refusing a number of prayers of the caveator's, and in granting certain of those of the caveatees, but no contention is made over this action other than that from the granting of the seventh of the caveatees. The Court instructed the jury to find, as a matter of law, in favor of the caveatees on the first, second, fourth and fifth issues, thus leaving the issue of undue influence the only one to be determined by the jury. The finding of the jury was in favor of the caveatees, and this appeal is the result.

The fifth exception arose in this way: The widow of the deceased son of the testatrix, and the mother of the caveator, had testified that during the last several years of the life of her husband, he had suffered from an incurable disease, which rendered him incapable of working, and resulted in his death in December, 1912. That, because of his illness, she and her daughter worked at sewing for the support of him and themselves and to enable them to purchase medicines and pay for medical advice for him. She testified that the testatrix knew she paid all the doctor's bills for her husband and that the testatrix had said to her: "It is splendid in you to be able to do it, and every dollar that you have paid out will come back to you." This question, which is the basis of the exception, was then asked the witness: "In round figures, as accurately as may be, can you tell the gentlemen of the jury, how much money you actually did pay out of your earnings for the medical advice and attendance of your late husband, during the last four or five years of his life, to the knowledge of your grandmother?" It would appear from the use of the word "grandmother" that this question was asked of the granddaughter, but the testatrix throughout the whole testimony seems to have been called grandmother by everyone. Assuming the declarations of the testatrix, as to paying money that the daughter-in-law had paid for necessaries for her own husband, were admissible under all or any of the issues to be determined, it is difficult to see a reason for going into such a detail as the amount actually paid. All the force that could have been gotten from such a transaction was furnished by the declarations; and to have shown the amount she was expected to repay would have added nothing. It is not even contended that she meant by her declarations to actually repay the amount expended, but rather that the son's wife and daughter would share in her estate to the extent of the son's share. We think this was irrelevant and immaterial to the issues, and, therefore, a proper ruling.

The tenth and eleventh exceptions can be treated together, for one is to the overruling of an objection to a question and the other is the refusal of the Court to strike out the answer to the same question. Dr. Wirt A. Duvall, a physician of twenty-six years' experience, was the attending physician during the last illness of the testatrix. He had attended her once or twice before. He was called to attend her on the 11th day of January, 1913, and visited her from one to three times daily until the time of her death. He had the usual conversations passing between a patient and her physician, and at times the patient became extremely confidential in her disclosures to him. The doctor, while a witness, was asked the following question: "During these visits, during this illness, beginning on the 11th of January, 1913, you say you saw Mrs. Wagner daily and sometimes more than once daily; what did you observe as to her mental condition during that time?" A. "To put it in one word, I might say, normally, she was a woman of exceedingly good mind, I think." It is not claimed by Dr. Duvall, nor for him by the caveatees, that he is in this case as an expert, as to which class of witnesses the decisions are uniform that they can express an opinion as to the mental capacity of a testator, without first stating the facts and circumstances upon which they base that conclusion; but it is conceded that he falls within the category of non-expert witnesses, who must first give the facts and circumstances upon which their opinion is based. *Waters* v. *Waters,* 35 Md. 531; *Townshend* v. *Townshend,* 7 G. 10; *Dorsey* v. *Warfield,* 7 Md. 65; *Berry Will Case,* 93 Md. 560; *Same Case,* 96 Md. 45. Treating him entirely as a non-expert witness, the record shows fully that his intercourse with the testatrix fully qualified him to express an opinion as to her mental capacity. But it will be noticed that the question is not so broad as to include his opinion as to whether on the day of the execution of the will she was mentally capable of executing a valid will, but is limited to the inquiry as to what he observed as to her mental

condition. Under the issues, we think the Court below was correct in permitting the witness to answer and also in its refusal to strike out the answer.

The fifteenth and sixteenth exceptions will be treated together. During the taking of testimony for the caveator, her mother had testified that the testatrix had told her that it was not very pleasant for her at the house of her daughter, Mrs. Klein, because "all that I hear is money." The caveatees, in an effort to rebut the effect, testimony of this character might have on the issue of undue influence, put on the stand Mr. Klein, the son-in-law, who testified as follows: "Mrs. Wagner always delighted to sit down and talk on money, interest and business, which was one of the happiest parts of her life when she could listen to how money was working, how it was being invested, and she would often drift into municipal affairs. She could not read or write, and she had to depend for all her knowledge on what she heard. She was a great student on that subject. She loved to hear the money question discussed." He then was asked: "Did you or not hold any position with the Building Association or lodge or fraternal order?" and answered, "I did up until six years ago; I was secretary of the Medicine Lodge of Odd Fellows." Upon motion to strike out this answer, the Court refused. The next question was: Q. "Were or not the money affairs of the fraternal order discussed at your home?" The objection to this question was overruled. From the foregoing recital of the testimony, it is clear, under those circumstances, that this testimony was relevant and the ruling of the Court below was correct.

The seventeenth and eighteenth exceptions relate to the objection to a question and the refusal to strike out the answer. The witness Klein was asked: "From your acquaintance with Mrs. Wagner, what are you able to say as to her general characteristics?" A. "I would like to put it as brief as possible, I don't want to go into an eulogy on this matter, but Mrs. Wagner always impressed me as a very

stanch business woman." This witness had been the son-in-law of the testatrix for twenty-six years, and was on terms of close and intimate relationship with her, she having been a member of his household during a portion of her last years. We think, under the authority of *Townshend* v. *Townshend,* 7 G. 10; *Weems* v. *Weems,* 19 Md. 334; *Waters* v. *Waters,* 35 Md. 531; *Berry Will case,* the witness was correctly allowed to answer this question. As we said above, the only contention made over the prayers is that over the seventh of the caveatees, and we set it out in full here:

"The Court instructs the jury that the influence which will avoid the will offered in evidence in this case must have been exerted on Josephine Wagner, Sr., deceased, the testatrix, to such a degree as to have amounted to force and coercion, destroying her free agency, or by importunities which could not be resisted, so that the same was equal to force or fear;

"2. That neither the influence of affection or attachment for the caveatees (Mrs. Louisa Becker and Mrs. Katie Klein) or either of them, or the mere desire to gratify the wish of them or either of them, would vitiate the will; for that would be a very strong argument in favor of the will;

"3. That the burden of proof is upon the caveator (Miss Josephine Wagner, Jr.,) to show not only that influence tantamount to force (so actually destroying free agency) existed, but that it was exercised for the purpose of procuring the execution of the will offered in evidence, and that the same was obtained by means of undue influence so exercised;

"4. And that the verdict of the jury must be for the said caveatees (Mrs. Louisa Becker and Mrs. Katie Klein) upon the third issue, and the answer of the jury thereto must be 'No,' unless they find by a preponderance of the evidence, that such influence was exerted upon Josephine Wagner, deceased, to such a degree as to have amounted to force and coercion destroying her free agency in relation to the making of her will."

We do not intend to enter into any prolonged discussion of this prayer, for the principles of law set out there have been too long and too recently recognized by the decisions of this Court to admit of any question as to their correctness. It is an almost exact reproduction, so far as the language is involved, of instructions granted and approved in *Higgins* v. *Carlton*, 28 Md. 115 and *Laymen* v. *Conrey,* 60 Md. 286; and of an instruction in the recent case of *Dudderar* v. *Dudderar,* 116 Md. 605, which was refused by the trial Court, but on appeal, this Court held error had been committed by its rejection. So we consider it needless to debate again a ruling so well fortified, unless, of course, we had doubts as to its correctness, which, however, we have not. The form of the prayer, however, we think is open to criticism. We do not think it is entirely proper to arrange a prayer of this character into separately numbered paragraphs. The principles announced would probably have been more readily understood by the average juror or layman if arranged in the usual and ordinary manner. Although, we do not deem it of sufficient moment in the present case to justify a reversal, we, nevertheless, do not want to be understood as in any manner giving it our approval.

The rulings of the Court below will accordingly be affirmed.

*Rulings affirmed.*