## THE BEAM MOTOR CAR COMPANY, A Body Corporate,

*vs.*

## CARROLL E. LOEWER, Through His Father and Next Friend, Henry G. Loewer.

## THE BEAM MOTOR CAR COMPANY, A Body Corporate,

*vs.*

## HENRY G. LOEWER.

*Negligence: automobiles; master and servant. Evidence: objection too late. Practice: improper remarks of attorneys before jury. Prayers: containing different propositions; erroneous.*

Where evidence has already been admitted without objection and the witness has been cross-examined thereon a motion to strike the evidence out is too late.                    p. 554

A question that was asked a witness can not be treated as reversible error when it does not appear from the record that the witness ever answered it.                          p. 554

Where the plaintiff's counsel makes improper statements in the presence of the jury, the most that the defendant can ask is to have a juror withdrawn and the case continued: he has no right to ask that the case be dismissed.              p. 556

Where there is evidence that a chauffeur asked and obtained from his employer permission to take out one of their cars as he had a chance to sell it for them, it tends to prove that the chauffeur in taking out the car was engaged on the business of the employer.                                    p. 557

Where a prayer contains different propositions, it is calculated to mislead the jury, and is erroneous.           p. 557

*Decided December 12th, 1917.*

Two appeals in one record from the Baltimore City Court. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The causes were submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Stephen W. Gambrill* and *Garner W. Denmead,* on the brief for the appellant.

*Mullikin & Marchant* and *Edward F. Johnson,* filed a brief for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

On the 16th of June, 1916, about seven o'clock in the evening Carroll E. Loewer, a boy of ten or eleven years of age was riding a bicycle northward on Eutaw street, a public thoroughfare of the City of Baltimore. Coming behind him was an automobile belonging to the Beam Motor Car Co., operated by Scott Lemley, an employee of the appellant.

Lemley had taken the machine on the evening in question with the sanction of his employer for the purpose of endeavoring to effect a sale of it to an anticipated customer. As Lemley moved north on Eutaw street he was running the machine at about ten miles per hour, and overtook the infant plaintiff. The machine Lemley was driving struck the bicycle on which the boy was riding, throwing him off, and one of the front wheels of the machine passed over the leg of the boy between the knee and the thigh, producing what is known as a green stick fracture. The limb was set and remained in a cast for about nine weeks.

For this accident two suits were brought, one by the boy through his father and next friend, for the injury and pain and suffering ensuing in consequence of the accident; the other, by the father of Carroll to reimburse him for the expenditures to which he had been put by reason of the accident, and also for the loss of his son's services.

Both cases were tried together upon the same evidence and resulted in a verdict in favor of the boy for $500, and in favor of the father for $300. This appeal is from the judgments entered upon those verdicts respectively, and the exceptions reserved in the one case are, with minor modifications, the same in the other, so that both cases are properly discussed together.

The exceptions are nine in number and present no questions of any great difficulty. The first arose as follows: Immediately upon the happening of the accident Henry G. Loewer, the father of Carroll, was notified and at once went to the place of the accident which was in the same block as that in which he lived. He took the license number of the machine, addressed a single remark to his son who was sitting on the steps of a house nearby and then went to Lemley, the chauffeur, and had some conversation with him. On direct examination this was brought out; the witness was cross-examined on it, and at the conclusion of the cross-examination counsel for the defendant made a motion to strike out all of the evidence as not being part of the *res gestae,* which motion was overruled. The action of the trial Court in overruling the motion was entirely proper; the evidence had already come in without objection, and the witness had been cross-examined upon it, and it was then too late to ask the Court to strike it from the record.

The second exception was taken to a question propounded to the witness Lemley as to what had occurred at the station house when he was there two days following the accident. As the record does not disclose that any answer was made to this question it is impossible to see how the appellant could have been injured thereby.

The third, fourth and fifth bills of exception all relate to what transpired at the station house two days after the accident when the witness Lemley had been arrested on several charges. The questions involved in these exceptions and the answers thereto might well have been excluded as immaterial to the issue involved in the cases being tried, but as they all

arose out of the happening of the accident in which the
plaintiff was injured, it will not do to say that they were
wholly inadmissible, since they might have had an important
bearing upon these cases.  It can not be said that the asking
or answering of these questions in any way operated to the
prejudice of the defendant, and they do not appear even by
reference in the prayers offered by either side.  To ascribe
reversible error to the action of the Court upon these, would
amount to an assumption by this Court of an effect produced
prejudicial to the defendant, which the record in nowise dis-
closes.

The sixth exception was to a question addressed to the
same witness as to a conversation had upon the day of the
accident with a Mrs. Ness, with whom Lemley boarded; and
the seventh exception was to the refusal of the Court upon
motion to strike out the preceding question and answer.  The
witness was under cross-examination and the apparent pur-
pose of this question was to lay a foundation for contradict-
ing him, as the Mrs. Ness referred to in the question was
present in the Court room.

The question was: "Didn't you tell Mrs. Ness that lady
over there (with whom the witness had testified he boarded
at the time of the accident) that if the police officers or any-
body came there to find out who you were not to tell them?"
If the witness had answered "No," the way would have been
opened for a contradiction by Mrs. Ness, thus going to the
credibility of the witness.  While in one sense not relating
to the accident it nevertheless at least suggested that the
witness having been in the accident was endeavoring to con-
ceal his identity.  The question was therefore proper under
the circumstances.  The witness, however, in his reply said
that he could not remember.  This took away the opportunity
of contradicting him by Mrs. Ness, but it did not operate to
render inadmissible that which had been properly asked of
the witness for the purpose of laying a foundation for his
contradiction.

Following the testimony of Lemley as it appears in the record is this:

"At this stage of the proceedings there was a colloquy between counsel, during which the following remarks were made in the presence and within the hearing of the jury:

"Mr. Marchant: I am making the point that you did not represent the Beam Motor Car Company and you do not represent them now. If you want to know who you do represent I will tell you.

"Mr. Gambrill: In view of counsel's statement in open Court, I move that a juror be withdrawn and the case dismissed."

Such occurrences as that detailed above are unfortunate and this Court has on several occasions been called upon to comment upon them, the most recent case being that of the *Cit. Mut. F. Insurance Co.* v. *Bridge Co.,* 116 Md. 422, and cases there cited. But without repeating what was then said the motion as made was entirely too broad in its terms to have been granted. The most that the defendant could have asked was that the case after the withdrawal of a juror be continued; when he asked for its dismissal, thus determining the rights of the parties, he exceeded the limit of anything that he could be entitled to.

There remains for consideration the ruling of the Court upon the prayers. The first three of the plaintiff's prayers, in the case of the child, are all in the customary form which have been frequently approved by this Court, and no error is discovered in any of them under the evidence of the case to make the granting of them error.

And the same may be said as to the two prayers offered in the case of the father. The second or damage prayer mentions specifically, as items to be included in the recovery: "Medicines, medical and surgical attention and hospital bills." The record gives the amount testified to by the two surgeons of their bills respectively; while the items are not testified to in dollars and cents with regard to medicines or hospital bills, it is to be observed that the record in this case was com-

mendably condensed and reduced in bulk by the action of counsel, and this Court can not assume that there was not present before the jury reasonably specific evidence as to the amount of expense entailed upon the father by the accident to his son.

The first prayer of the defendant sought to take the case from the jury and while there was some conflict in the testimony there was ample to go to the jury, as evidence of negligence which if believed by them would support a verdict for the plaintiff.

The second and fourth prayers of the defendant are based upon the theory that Lemley was using the machine for his own convenience and purpose, and not about the business of the defendant, and that, therefore, the appellant was not liable. The theory of these prayers was directly opposed to the evidence of the President and General Manager of the appellant, that on the afternoon of the accident Lemley had come to him and asked permission to take out the automobile, saying that he had a prospect for it and might be able to sell it, and that he, the witness, gave permission upon this statement for Lemley to take the car. The refusal of these prayers was, therefore, correct.

The defendant's sixth and seventh prayers differ only that the original sixth prayer had added to it a third paragraph which does not appear in the amended prayer. Both of these prayers were bad and properly refused, since they both sought to combine in one prayer entirely unrelated propositions, and were, therefore, calculated to mislead the jury. It is true that these different propositions were separated into different paragraphs, but such prayers while not necessarily a cause for reversal when granted, nevertheless have been condemned by this Court in numerous cases, the latest being *Wagner* v. *Klein,* 125 Md. 229. An instruction in this form is so clearly liable to mislead a jury that reversible error can not be ascribed to the refusal of such a prayer.

*Judgment affirmed in each case, with costs.*