# THE EASTERN SHORE BROKERAGE AND COMMISSION COMPANY

## *vs.*

## HENRY B. MESSENGER ET AL.

*Contract of Sale—Breach by Purchaser—Evidence—Prayer Excessively Long.*

In an action for breach of a contract for the sale of canned goods, on the ground of defendant purchaser's refusal to accept a portion thereof, *held* that certain testimony on the part of plaintiff, as to the breach of contract and plaintiff's effort to lessen the damages, was proper, competent and admissible.

p. 224

The grant of a prayer, covering about two pages of the record, and divided into four separate paragraphs, *held* not ground for reversal, though the prayer was disapproved by reason of its length and separation into paragraphs.          p. 225

*,Decided April 5th, 1923.*

Appeal from the Circuit Court for Cecil County (ADKINS, C. J., and WICKES, J.).

Action by Henry B. Messenger and others, co-partners, trading as H. B. Messenger & Company, against the Eastern Shore Brokerage and Commission Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Fred. R. Owens* and *Joshua Claylon,* submitting on brief, for the appellant.

*John W. Staton,* with whom were *John S. Whaley* and *Omar D. Crothers* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an action, instituted by the appellees against the appellant, to recover damages for the alleged breach of a contract, whereby the appellees, the plaintiffs below, sold to the appellant, the defendant below, and the defendant purchased from the plaintiffs, twenty thousand dozen cans of No. 10 standard apples in water, at $5.62½ per dozen, but the defendant refused to accept a portion of the goods, pursuant to the contract, and it is alleged that the plaintiffs were injured and damaged thereby.

The plaintiffs are packers and canners of fruits and vegetables, with factories in Maryland and Virginia, and with headquarters in Federalsburg, Caroline County, Maryland.

The defendant is a corporation engaged in the general canned goods, brokerage and commission business in this State, with its principal office at Preston, in Caroline County, Maryland.

The suit was brought in the Circuit Court for Caroline County, but was subsequently removed to the Circuit Court for Queen Anne's County, and thence to the Circuit Court for Cecil County, where, upon trial, it resulted in a verdict in favor of the plaintiff for $13,572.46. On motion for a new trial, a remittitur of $2,018.99 was allowed by the court and accepted by the plaintiffs, and a final judgment was entered in favor of the plaintiffs for $11,553.47. From this judgment the defendant has appealed.

The declaration sets out substantially the contract, and alleges a breach by the defendant, in failing and refusing to comply with the terms of the contract.

The declaration avers that the plaintiffs at all times, as required thereunder, were ready, willing and able on their part to fully perform all their obligations under the terms of the contract, and pursuant to the contract the plaintiffs delivered to the defendant, and the defendant accepted from the plaintiff, between August 16th, 1919, and December 23rd, 1919, inclusive, a part of the goods named in said

contract, for which part so delivered and accepted full settlement was made by the defendant, but the defendant thereafter refused to accept the remainder of the goods, and the plaintiffs were injured and wronged, and claim damages to the amount of $20,000.

The bill of particulars, filed by the plaintiffs in the case, states that, pursuant to the contract sued on, the plaintiffs delivered to the defendant and the defendant accepted from the plaintiffs between August 16th, 1919, and December 23rd, 1919, inclusive, eleven thousand, three hundred and five and one-half dozen No. 10 standard apples in water, for which full settlement was made by the defendant at the price named in the contract, but, on March 15th, 1920, it refused to accept any more, and the plaintiff claims damages for the refusal by the defendant to accept the balance of the twenty thousand dozen called for in the contract, said balance being eight thousand six hundred and ninety-four and one-half dozen, according to an account set out in the record.

At the trial of the case, the defendant reserved eighteen exceptions to the rulings of the court. Seventeen of these were to the rulings of the court on evidence, and one to the rulings on prayers.

While the appellant relies, in its brief, upon the various exceptions to testimony, set out in the record, there are no reasons assigned or authorities cited, showing injurious or reversible error in any of the rulings of the court thereon.

The appellant clearly cannot complain of, and was not injured by, the admission of the testimony of the witness Messenger, set out in the first bill of exception, because the same character of testimony was subsequently introduced by the defendant itself, and admitted, in the examination of the defendant's witness Colbert.

The second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and seventeenth bills of exception relate to the rulings of the court, in admitting certain testimony as to the breach of the contract, and to the effort on the part of the

plaintiff, to lessen the damages. This evidence, we think, was proper, competent, and admissible, and there was no reversible error in any of the rulings set out in these exceptions.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth exceptions present the rulings of the court on the admission of certain evidence, bearing upon the claim by the plaintiff for loss of profits, by reason of the breach of the contract by the defendant. This evidence was admissible, as tending to show the proper measure of damages sustained by the plaintiff by reason of the breach of the contract, and the court's rulings on these exceptions, it will be seen, constitute no reversible error. The plaintiff, however, accepted the remittitur of two thousand and eighteen dollars and ninety-nine cents, on the amount of the verdict of the jury, and as this amount was the seller's profits, claimed by the plaintiff as damages, as stated in the bill of particulars, these exceptions become immaterial.

Assuming that there was error in the rulings of the court on these exceptions, there was no resulting injury to the defendant, and hence there could be no reversal of the judgment for this error, standing alone.

The eighteenth and last exception embraces the rulings of the court on the prayers. The plaintiff submitted three and the defendant two prayers. The plaintiff's three prayers were granted, and also the defendant's second prayer was granted, but its first was rejected.

To the action of the court in granting the plaintiff's prayers, and the refusal to grant the defendant's first prayer, the defendant excepted and this constitutes its eighteenth bill of exception.

The principal objection and contention over the prayers relate to the plaintiff's second granted prayer.

It is urged that this prayer is defective: first, because it fails to refer to the plaintiff's first prayer, and second, be-

cause the prayer is unnecessarily long, complicated, and involved.

While, we think, the form of the prayer and its extraordinary length, is open to criticism, yet we are unable to hold that this defect in the prayer is sufficient to justify a reversal. The prayer, it will be seen, covers about two pages of the record, and is divided into four separate paragraphs, of unusual length.

In *Maryland Steel Co. v. Engleman,* 101 Md. 680, it is said that this Court has always discouraged prayers of extreme length, as not adapted to aid and enlighten the jury, and in *Whiteford* v. *Burckmyer,* 1 Gill, 153, approved in *Cumberland Coal & Iron Co.* v. *Scally,* 27 Md. 603, the Court said: "If counsel present to the court a complicated and involved statement which it will be difficult for the jury to understand distinctly, it will be a sufficient ground upon which the Court should refuse to give a direction in the terms asked for."

In *Thomas* v. *Cortland,* 121 Md. 676, the Court said: "Prayers should be drawn with as much brevity as is consistent with a clear and accurate statement of the law applicable to the facts of the case, and undue prolixity or unnecessary repetition tend rather to confuse, than to enlighten the jury."

In *Wagner* v. *Klein,* 125 Md. 236, this Court announced its disapproval of drawing and arranging prayers, "into separately numbered paragraphs," and said, "Although we do not deem it of sufficient moment in the present case to justify a reversal, we, nevertheless, do not want to be understood as in any manner giving it our approval."

The legal proposition on the measure of damages, asserted by the plaintiff's second prayer, was correct, and it is free from objection on that ground. Code, art. 83, sec. 85, *Uniform Sales Act; Dimmick* v. *Hendley,* 117 Md. 466.

While we do not approve of the form of the plaintiff's second prayer, and must not be understood as giving it our sanc-

tion, we do not think this error, as stated before by us, sufficient to justify a reversal.

No serious or particular objections are pointed out to any of the rulings of the court on the other prayers by the appellant in its brief, and as we find, upon an examination of these rulings, no reversible error therein, it follows, for the reasons stated herein by us, that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*