JAMES M. CURLEY vs. BOSTON HERALD-TRAVELER
CORPORATION.

Suffolk.   April 7, 13, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Mistrial, Nonsuit.

The mere granting, in the midst of a trial, of a request by the plaintiff
that a mistrial be declared was not the equivalent of the plaintiff's
seeking and being granted leave to become nonsuit and did not require
the entry of a judgment for the defendant.

TORT.   Writ in the Superior Court dated October 1,
1934.

The case was reported by *Giles,* J.

*J. L. Hall & R. Wait, (C. P. Curtis, Jr., & B. Aldrich*
with them,) for the defendant.

*W. P. Murray, (J. A. Scolponeti* with him,) for the plain-
tiff.

QUA, J.   During the trial of this case the judge, at the
request of the plaintiff and over the objection of the defend-
ant, declared a mistrial.   Thereupon, the defendant moved
that "a judgment of nonsuit be entered" against the plain-
tiff.   The judge denied the motion and reported his order
of denial for determination by this court under G. L. (Ter.
Ed.) c. 231, § 111.

The defendant contends that nothing whatever had
occurred to warrant the declaring of a mistrial; that under
these circumstances the plaintiff's request that a mistrial
be declared and the judge's granting of that request were,
in substance and effect a request for leave to become non-
suit and the granting of such leave by the court; and that
the defendant is now entitled to have the action taken
expressed in an appropriate judgment.

The declaring of a mistrial is ordinarily within the dis-
cretion of the trial judge, who is in the best position to
determine whether or not anything has happened likely

to affect the justice of the verdict. *Commonwealth* v. *Cronin,* 257 Mass. 535, 537. *Hess* v. *Boston Elevated Railway,* 304 Mass. 535, 541. We need not decide whether in this instance the action taken lay beyond the judge's discretion (which we do not imply), since in any event we cannot accept the defendant's contention as to the consequences of what was done. There is no relation between the declaring of a mistrial and a nonsuit. A mistrial is declared because of some circumstance indicating that justice may not be done if the trial continues, and it results only in the discharge of the jury and the impanelling of another jury to try the case anew. A nonsuit, as the term is used in this Commonwealth, like its counterpart a default, is ordinarily imposed upon a party because of his refusal or failure to take some step required for the further progress of the action. See *Babcock* v. *Thompson,* 3 Pick. 446, 449; *Mitchell* v. *New England Marine Ins. Co.* 6 Pick. 117, 118, 119; *Earle* v. *Hall,* 22 Pick. 102, 107; *Harding* v. *Morrill,* 136 Mass. 291; *Fels* v. *Raymond,* 139 Mass. 98, 101; *Nickerson* v. *Glines,* 220 Mass. 333, 336. If not removed, it results in a judgment for the defendant, ending the action. A plaintiff cannot, however, at his own option and without leave of court, become nonsuit by refusal to proceed with the trial, or discontinue, after the opening to the jury. *Shaw* v. *Boland,* 15 Gray, 571. *Derick* v. *Taylor,* 171 Mass. 444. *Earl Carpenter & Sons Co.* v. *New York, New Haven & Hartford Railroad,* 184 Mass. 98. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307. *Nicolai* v. *Nicolai,* 283 Mass. 241, 246.

In this case the plaintiff's request that a mistrial be declared in no way implied an abandonment of the action or any intention not to proceed if his request should be denied. He did not refuse or fail to take any step required for the further progress of the action. He should no more be held to a nonsuit for having requested and having been allowed a mistrial without sufficient reason than if he had, without sufficient reason, requested and been allowed a simple continuance, or a change of venue, or any one of a number of things involving postponement for which a

party may ask during the progress of a lawsuit without implying a refusal to proceed with the case. The plaintiff did not seek to become nonsuit, or to discontinue, and the judge did not intend to nonsuit him or to allow him to discontinue.

The defendant cites no authority for its position. All the pertinent authority that we have seen is against it. *Benedict* v. *Cozzens*, 4 Cal. 381. *Schofield* v. *Settley*, 31 Ill. 515, 518. *Smith* v. *Chicago Junction Railway*, 127 Ill. App. 89, 102. *Beam Motor Car Co.* v. *Loewer*, 131 Md. 552. *Rosengarten* v. *Central Railroad of New Jersey*, 40 Vroom, 220. *Chandler* v. *Bicknell*, 5 Cowen (N. Y.) 30. *People* v. *Judges of the Court of Common Pleas of the City of New York*, 8 Cowen (N. Y.) 127. *Planer* v. *Smith*, 40 Wis. 31. *Everett* v. *Youells*, 3 B. & Ad. 349.

The order denying the defendant's motion for judgment of nonsuit is affirmed, and the case is to stand for trial.

*So ordered.*