COX, J.
In this action commenced by trustee process the plaintiff seeks to recover from the defendant for work and services and for the breach by the defendant of an alleged written contract of employment.
The writ was dated May 31, 1950. It was returnable on June 24, 1950. Both trustees were duly .served with process. No service was made on the •defendant.
The trustee, The Enterprise Publishing Company, ■answered “No Funds.” The Trustee, Brockton National Bank, was defaulted for failure to appear or ■answer.
On July 1, 1950, an attorney filed in court a paper •entitled “Special Appearance,” which contained the following words: “In the above action I appear specially for the defendant, Cur-Nan Company.” At the same time he filed two motions. The first motion is entitled “Motion to Discharge Trustees,” and is as follows:
“The defendant Cur-Nan Company, appearing specially, moves that the Trustees in the above-captioned case be discharged and sets forth the resaon that the defendant, Cur-Nan Company, has never been served with process.”
The second motion is entitled “Motion to Dismiss,” and is as follows:
“The defendant Cur-Nan Company, appearing specially, moves this Honorable Court that the action *[38] be dismissed and sets forth the reason that service was never made on the defendant.”
On July 7, 1950, the judge allowed both of said motions.
On July 12, 1950, another attorney filed an appearance in the following words:
“In the above action I appear specially for the defendant, Cur-Nan Company.” .
The plaintiff claiming to be aggrieved because the judge allowed the defendant’s motions to discharge the trustees and to dismiss the action, the judge reported the case for our determination.
It is provided by statute so far as here material that an original writ issued by a district court shall be served not less than seven days before the return day. G. L. (Ter. Ed.) c. 223, § 27. This was not done. It does not appear that the plaintiff requested any process, such as an order of notice, to issue at the time of the hearing of the motions to dismiss held on July 7th.
The defendant not having been served it was open to the defendant to appear specially and move to dismiss the action. This the defendant did. The contention by the plaintiff that the appearance filed by an attorney on July 1, 1950, was a general appearance is baseless. Rule 8 of the Rules of the District Courts (1940) provides that "any appearance shall'constitute a general appearance unless the purposes thereof are specified in writing.” It seems clear that the appearance filed on July 1, 1950, was a special appearance. Its limited purposes were to procure the discharge of the trustees and dismissal of the action because the defendant had not been served. The appearance cannot be treated as a general appearance equivalent to service on the defendant so as to subject the defendant to the court’s jurisdiction. Nye v. Liscombe, 38 Mass. 263; Phillips v. Director General of Railroads, 251 Mass. 263, 266, 267.
There was employed in the defendant’s behalf what appears to be established practice. Want of service on the defendant was a matter properly to be raised by a special appearance in its behalf for the limited purpose of moving to have the action dismissed. The motion to dismiss related to want of service which was appearant on the record and raised a question of law. United Drug Co. v. Cordley & *[39] Hayes, 239 Mass. 334; Paraboschi v. Shaw, 258 Mass. 527, 532. The situation is comparable to a nonsuit “imposed upon a party because of his refusal or failure to take some step required for the further progress of the action.” Curley v. Boston Herald-Traveler Corp., 314 Mass. 31, 32.
Edward R. Trafton, for plff.
Robert G. Clark, F. H. Balbom, for deft.
The special appearance filed in the defendant’s behalf by other counsel on July 12, 1950, did not affect the action already taken dismissing the case. The plaintiff had proceeded to have the judge’s action reported, therefore, the appearance, of July 12, 1950, is treated as a special appearance in the appellate proceedings for the same limited purpose as that of the special appearance^ filed on July 1, 1950. The record discloses no basis for a different conclusion.
We need not consider the allowance of the motion to discharge the trustees, because the dismissal of the action would also have the effect of discharging the trustees, in any event, when judgment should be entered for the defendant in accordance with the judg’s action. G. L. (Ter. Ed.) c. 223, § 115. Magaw v. Beals, 272 Mass. 334, 339.
As we perceive no error the report is to be dismissed.