The defendant appeals from her convictions, after a jury trial, of operating a motor vehicle under the influence of alcohol, third offense, G. L. c. 90, § 24, and reckless operation of a motor vehicle, G. L. c. 90, § 24.[2] On appeal, she argues that the responding officer's testimony that implied she refused to perform field sobriety tests required a mistrial, and that the trial judge abused his discretion in denying one. We affirm.
The defendant's argument is based on the following portion of the prosecutor's direct examination of the police officer who responded to a report based on a witness who saw the defendant driving a pickup truck, with a flat tire and a damaged front bumper, swerving into oncoming traffic:
THE PROSECUTOR : "... [H]ow was the defendant's behavior at this time?"
THE OFFICER : "Uh, she was cooperative. She-I requested that she do field sobriety tests-"
THE PROSECUTOR : "Hold on a second."
THE OFFICER : "Okay."
The prosecutor then asked another question concerning the defendant's general behavior and the testimony moved on. There was no further mention of field sobriety tests.
The next portion of the transcript involving a sidebar conference was inaudible. The defendant's appellate counsel moved to reconstruct the record, supported by an affidavit from trial counsel. Among other things, trial counsel averred that during the inaudible portion of the transcript he objected to the testimony and requested a mistrial, that the judge denied the request for mistrial and offered instead a curative instruction, and that he (trial counsel) "elected not to have the curative jury instructions given to the jury as [he] feared it would have brought attention to the fact that the Defendant was asked to perform a field sobriety test and yet there would be no evidence of her performance ... [and] that a jury would likely infer that the Defendant refused to take the field sobriety test."
The judge allowed the motion to reconstruct the record, confirming that he denied the defendant's timely motion for a mistrial made after objecting to the officer's testimony, that he offered a curative instruction that the jury should disregard any reference to any field sobriety test, and that trial counsel for well thought out tactical reasons declined the instruction.
We review the decision to deny a motion for a mistrial for an abuse of discretion, see Commonwealth v. Bryant, 447 Mass. 494, 503 (2006), citing Commonwealth v. Kilburn, 426 Mass. 31, 37 (1997), acknowledging that the trial judge is "in the best position to determine whether or not anything has happened likely to affect the justice of the verdict." Commonwealth v. Costa, 69 Mass. App. Ct. 823, 826-827, (2007), quoting from Curley v. Boston Herald-Traveler Corp., 314 Mass. 31, 31-32 (1943).
We see no abuse of discretion here. The officer neither stated nor implied that the defendant refused to perform field sobriety tests. The officer's single reference to such testing was fleeting and truncated. The prosecutor did not elicit the testimony and promptly stopped the officer from continuing further. Trial counsel considered the passing reference to be so slight as to be best left unaddressed by a curative instruction. In short, we are unpersuaded that the judge abused his discretion in not declaring a mistrial.
Judgments affirmed.

She pleaded guilty to a charge of operating a motor vehicle with a suspended license, G. L. c. 90, § 23.