FRANK F. O'NEILL vs. JOHN A. ROSS.

Hampden.    September 18, 1924. — October 16, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Pleading, Civil,* Declaration, Amendment. *Evidence,* Relevancy and
   materiality, Competency. *Practice, Civil,* Remark by judge, Argu-
   ment by counsel, Exceptions.

The declaration in an action of contract by a real estate broker sought
   compensation for services alleged to have been rendered by the plaintiff
   in negotiating for the defendant the purchase of certain real estate.   The
   only evidence tending to support any obligation on the part of the de-
   fendant to the plaintiff was to the effect that the defendant employed
   the plaintiff to secure from third persons a release of their right to a con-
   veyance in accordance with an agreement in writing between them
   and the owner of the land which the defendant was seeking to purchase.
   At the close of the evidence, the judge ruled that there could be no
   recovery under the declaration.   The plaintiff then was allowed to
   amend his declaration to set forth a claim which was supported by the
   evidence, and the action was submitted to the jury on additional counts
   added by the amendment only.   The jury found for the defendant.
   *Held,* that every right to which the plaintiff was entitled thus was
   secured to him.

At the trial of the action above described, it was proper for the judge in
   the exercise of his discretion to exclude a photograph of the real estate
   to which the plaintiff's cause of action related, and also evidence as to
   the price which the defendant paid to the owner for the purchase of the
   property, there being no evidence to show that the plaintiff had any
   connection with the sale of the property by the owner to the defendant.

Statement by RUGG, C.J., as to the duty of a trial judge with respect to
   arguments of counsel which are not warranted.

A judge presiding at a trial stopped counsel for the plaintiff in the course
   of an argument in which he was commenting upon alleged conduct of
   the defendant in not recalling a witness to deny categorically state-
   ments made in testimony in rebuttal by a witness who previously had
   testified for the plaintiff.   It appeared that the witness for the defend-
   ant referred to by the counsel for the plaintiff had given testimony in
   chief from which it appeared that there was a radical contradiction in
   the testimony of the two witnesses.   *Held,* that the argument of the
   plaintiff's counsel was not warranted and that the conduct of the trial
   judge was proper.

A remark made by the trial judge in stopping the counsel for the plaintiff
   as above described, that, if the defendant's witness had been recalled to
   testify again in further contradiction of the plaintiff's witness, his

evidence would have been excluded, was not a ruling by the judge
as to a pertinent question of law arising at the trial and was not rightly
subject to exception.
In the course of his argument to the jury at the trial above described, the
plaintiff's counsel made a statement when commenting upon the evi-
dence which was not correct. The judge in the course of a colloquy
with the plaintiff's counsel stated, in the hearing of the jury: "I shall,
at the end of the argument, call your attention to another fact which
I shall ask you to correct." The plaintiff excepted to the statement
by the judge. *Held,* that, the record disclosing that the plaintiff's
counsel had no right to make the argument, the statement by the judge
was correct and proper.

CONTRACT by a real estate broker for a commission. Writ
dated March 31, 1920.

In the Superior Court, the action was tried before *Bishop,*
J. Material evidence and exceptions saved by the plaintiff
are described in the opinion. The jury found for the defend-
ant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. P. Stapleton & E. J. Stapleton,* for the plaintiff.

*J. W. Mason & A. J. Morse,* for the defendant.

RUGG, C.J. This is an action by a real estate broker to
recover compensation for services alleged to have been ren-
dered by him to the defendant. The original declaration
contained two counts, in each of which it was alleged that
the plaintiff was employed by the defendant to negotiate
for him the purchase of certain real estate, wherefore the
defendant owed the plaintiff either a certain percentage on
the price or a fair and reasonable compensation.

At the close of the evidence, the judge ruled that there
could be no recovery under the declaration. That ruling
was right. There was no evidence to support the cause of
action set forth in those two counts.

The only evidence tending to support any obligation on
the part of the defendant to the plaintiff was to the effect
that the defendant employed the plaintiff to secure from third
persons a release or cancellation of their right to a convey-
ance in accordance with an agreement in writing with the
owner of certain land.

The plaintiff was allowed to amend his declaration by add-
ing three new counts setting forth in several forms of pleading

a cause of action, tending to support which there was some evidence. The case was submitted to the jury on these additional counts alone. Every right to which the plaintiff was entitled thus was secured to him.

The photograph of the real estate to which the plaintiff's cause of action related was excluded rightly. It had no bearing on the question whether the contract was made as alleged by the plaintiff. It was irrelevant to any issue raised by the pleadings.

There was no harmful error in the exclusion of the offer of evidence as to the price which the defendant paid for the purchase of the property. There was no evidence tending to show that the plaintiff had any connection with the sale of the property by the owner to the defendant. That transaction on the evidence was arranged entirely between the owner and the defendant, each acting in his own interests and without the intervention of the plaintiff. All that the evidence tended to show in its aspect most favorable to the plaintiff was that he was employed to secure from two persons the release or extinguishment of such rights as they had acquired under an earlier agreement with the owner to sell to them at a stipulated price the real estate in question. The excluded evidence was offered on the ground that it was all a part of one transaction in the mind of the defendant to extinguish the rights of the proposed purchasers under the earlier agreement and himself to buy the real estate from the owner. That was somewhat remote. Exclusion of the evidence on the ground on which it was offered was at best discretionary with the trial judge.

The evidence was not offered on the ground that the price paid by the defendant afforded a basis for the ascertainment of the compensation due to the plaintiff for his services. The general verdict for the defendant on the merits renders the evidence immaterial on that issue.

The counsel for the plaintiff in his argument to the jury stated, " while he didn't mean to attack Mr. Morse's character, that it was significant that Mr. Morse [a witness called by the defendant] didn't deny the specific statements of Mr. Southwick [the owner of the real estate before its sale

to the defendant and a witness called by the plaintiff] about the paper that Mr. Southwick got from Mr. Ross; and that Mr. Southwick said that he went in there and Mr. Morse was adding something to the paper, and afterwards claimed that it had been mislaid; and that Mr. Morse had not denied these things." The counsel was then stopped by the judge, who stated that this argument could not be permitted, as Mr. Morse had testified to the only time he had seen the paper. The counsel then stated to the judge that Mr. Morse had not been recalled to deny the testimony given to that effect by Mr. Southwick. The judge thereupon said to the jury that he should not have permitted Mr. Morse to be recalled for that purpose because he had already testified to the fact.

The course of the testimony, as shown by the bill of exceptions, was that Southwick, when first called by the plaintiff as a witness, testified that the defendant gave him a paper containing an offer for the real estate and that he took it to the office of the witness Morse. After the plaintiff had rested, Mr. Morse was called as a witness by the defendant. He testified in substance that the only time he ever saw the paper addressed to Southwick, signed by the defendant and containing an offer for the real estate, was when both Southwick and Ross were in his office on a specified occasion. After the defendant had rested, Southwick was recalled by the plaintiff and testified in substance that, while he was in another office, the defendant came across from the office of Mr. Morse and said he would like the paper containing his offer for the purpose of making a copy, that he gave the paper to the defendant and a few minutes later went to the office of Mr. Morse, who was then alone, the defendant not being present, and who was " making a copy but was adding something more to it after making his copy . . . . I went in a little later, . . . and I couldn't get it. It wasn't to be found, and had been mislaid. . . . Mr. Morse said it had been mislaid."

Plainly there was a radical contradiction in the testimony of these two witnesses. Mr. Morse, when called by the defendant, had stated in clear terms that the only time he

ever saw the paper was when both the defendant and South-wick were present in his office. The witness Southwick, when recalled after the defendant had rested, gave testimony of a totally different nature on the same point. The defendant was under no obligation to recall Mr. Morse to testify again on the same point. Therefore, the argument of counsel for the plaintiff, urging the significance of the fact that Mr. Morse had not been recalled to negative categorically the testimony in rebuttal given by the witness Southwick, was unwarranted.

It is the duty of the court to be solicitous at all times to guard against improper arguments to the jury. In appropriate instances undue zeal of a member of the bar in behalf of a particular client ought to be curbed by calling his attention to departures from proper arguments founded upon the evidence. The rights of parties must be protected against the effect of arguments which are not warranted. The judge is not required to stop counsel at the moment of his offence. Judicial duty to see that there is a fair trial may render that course desirable under certain circumstances. The judge in a flagrant case may rightly think that the only way to accomplish justice is to stop the improper argument forthwith rather than to permit it to proceed to a conclusion and later attempt in his charge to counteract the baleful influence which in the mean time may have already warped the opinion of jurors. Much must be left to the discretion of the judge in this respect. It is to be remembered that his is the trained mind charged with the heavy responsibility of seeing that the scales of justice are even between the parties and incline to the one side or the other only according to the weight of credible evidence, and that no foreign considerations be interjected in argument to affect their balance. It is the plain duty of a judge presiding over a jury trial to take note of improper arguments and to neutralize their effect. It is his primary obligation to see that a fair trial is had and that no undue advantage is taken by either side. Obviously it is not the province of the court to confine arguments to a particular line of thought or within too narrow limits. *O'Driscoll* v. *Lynn*

*& Boston Railroad,* 180 Mass. 187. *Commonwealth* v. *Brownell,* 145 Mass. 319. *O'Brien* v. *Boston Elevated Railway,* 214 Mass. 277. But the learned, wise and impartial judge, who discharges the duties of his office, is the directing spirit and dominating force of a trial to the end that a just result be reached. The conduct of the judge in this respect in the case at bar was not open to exception. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, 502. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 580, 581. *Commonwealth* v. *Richmond,* 207 Mass. 240, 250. *Tildsley* v. *Boston Elevated Railway,* 224 Mass. 117, 119. *London* v. *Bay State Street Railway,* 231 Mass. 480. *Commonwealth* v. *Dyer,* 243 Mass. 472, 508, and cases there collected.

The remark to the jury, that if Mr. Morse had been recalled to testify again as to the paper in further contradiction to the witness Southwick, his evidence would have been excluded, was not a ruling of law by the judge as to a pertinent question of law arising at the trial and hence was not rightly subject to exception. It was a hypothetical statement based upon a condition which could not come into existence. It is not intimated that, if the occasion had arisen requiring a ruling upon the point, the suggested ruling would have been open to legal objection.

The judge further said to the jury at the same colloquy during the argument of the plaintiff's counsel, "I shall, at the end of the argument, call your attention to another fact which I shall ask you to correct." The plaintiff's counsel excepted to that remark. At the conclusion of the argument in behalf of the plaintiff there was a conference at the bench during which the judge made a statement to the stenographer, but not to the jury, as follows: " You will note that in the course of Mr. Stapleton's argument he made a statement to the effect that the jury would notice that Mr. Keedy asked Mr. Southwick the amount for which the second mortgage was written, but that he did not at any time ask Mr. Southwick the amount which was due; that Mr. Keedy signified his objection to that argument to the court, and the court said that he would at the close of Mr. Stapleton's argument call

it to Mr. Stapleton's attention, and call his attention to the fact that Mr. Keedy asked of the witness Southwick how much had been paid on the mortgage, and that Southwick replied, ' Nothing'; that the court requested of Mr. Stapleton to correct his argument. Mr. Stapleton declined to do so, and the court noted the exception of Mr. Keedy to that portion of the argument." It appears from the record that this was error in that, although the question as stated was asked of the witness Southwick, he did not reply, " Nothing," and was not permitted to answer the question at all. The plaintiff, however, took no exception to the statement of the judge at the close of the argument. The only exception was taken by counsel for the defendant, which of course is now immaterial. The only exception of the plaintiff was to the statement by the judge during the argument that he should at its close ask him to correct a statement of fact. There was a manifest error in the argument of the plaintiff's counsel in that the question was asked of the witness Southwick but was excluded on objection by the counsel for the plaintiff. Hence he had no right to make the argument. *Commonwealth* v. *Coughlin,* 182 Mass. 558, 563. The statement of the judge, to which the plaintiff excepted, was correct and proper. Counsel for the plaintiff did not then ask to be advised as to the nature of the fact, which, the judge said, he would be asked to correct. Nothing appears to have been said in the charge on the subject and no exception was taken by the plaintiff on that point.

The other exceptions do not require discussion one by one. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386. *Commonwealth* v. *Dyer,* 243 Mass. 472, 507. The record has been examined with care and no reversible error is discovered.

*Exceptions overruled.*