COMMONWEALTH *vs.* LAWRENCE P. CRONIN.

Suffolk. October 20, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal*, Discharge of jury during trial, Double jeopardy.

At the trial of an indictment charging felony, after there had been over twenty colloquies between counsel for the defendant and the trial judge, and counsel for the defendant and the assistant district attorney, and the trial judge had warned counsel for the defendant that if the colloquies continued he would take the case from the jury, counsel for the defendant, upon the exclusion, after a further colloquy, of evidence which he had offered and which the trial judge ruled related to a collateral matter, stated, "Save my exceptions to that, and I will ask you to save my exception also to this, that your ruling is a direct violation of the constitutional rights of the defendant and of all the rights available to him under the Constitution to show his defence on his trial." The trial judge thereupon withdrew the case from the jury on the ground that the counsel's remark brought a false issue before the jury and was calculated to bring about a mistrial, and might result in a false verdict. *Held*, that

(1) Such action by the judge was not as a matter of law an improper exercise of his discretion or without justification;

(2) When the defendant again was put upon trial, a plea, alleging that the defendant previously had been placed in jeopardy for the same offence, must be overruled.

THREE INDICTMENTS, found and returned on November 14, 1922, and described in the opinion.

In the Superior Court, the indictments came on for trial together before *Cox*, J., after previous proceedings before *Dubuque*, J., and *J. F. Brown*, J., which are described in the opinion, and, pleas in bar being overruled, the judge reported them to this court for determination.

*J. F. Barry*, for the defendant.

*J. F. Burke*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. In December, 1922, the defendant was brought to trial in the Superior Court upon three indictments: (1) charging assault and battery with intent to commit rape; (2) charging assault and battery with a pistol in one count, and assault and battery in a second count; and (3) charging larceny; by agreement all the indictments were tried together at this and at the second trial, hereinafter referred to.

The report recites that during the trial "over twenty colloquies took place between counsel for the defence and the court, and counsel for the defence and the assistant district attorney, and the court warned the counsel for the defence that if the colloquies continued he would take the case from the jury." During the progress of the trial counsel for the defendant called one Riordan, a police lieutenant, and in the course of his examination asked him a question which on objection was excluded on the ground that it related to a collateral matter, and after a discussion between the respective counsel and the court, the latter said: "I have ruled that it was a collateral issue; I have ruled that you cannot go into it, and I will save your exception." Whereupon counsel for the defendant said: "Save my exceptions to that, and I will ask you to save my exception also to this, that your ruling is a direct violation of the constitutional rights of the defendant and of all the rights available to him under the Constitution to show his defence on his trial." The presiding judge then said: "That remark having been made it brings a false issue before the jury and I withdraw the case from the jury, because it is calculated to bring about a mistrial and there is danger of a false verdict. The case is withdrawn from the jury on account of the counsel's remark." The jury were thereupon discharged by order of the court subject to the defendant's exception.

At the next sitting of the criminal court for Suffolk County, the defendant was again called for trial upon the same in-

dictments before another judge of the Superior Court, and the defendant seasonably filed a plea to the jurisdiction and two pleas in bar. The pleas were overruled and the defendant excepted. Before the jury were empanelled, the judge, with the consent of the defendant, reported the case to this court, which dismissed the report. (245 Mass. 163.) The defendant was again called for trial on the same indictments and was found guilty on each of them.. The case is here upon a report by the judge who presided at the last trial and who refused to allow the defendant's pleas in bar, which, in substance, alleged that he had before been placed in jeopardy for the same offences. The question we have to decide is whether at the first trial the court had power to discharge the jury upon the facts shown by the record.

It is an ancient rule of the common law that no person shall be subject for the same offence to be twice placed in jeopardy of life or limb. It has been held, however, that from the necessity of the case there must be many exceptions to the rule. *Commonwealth* v. *Purchase*, 2 Pick. 521. *Commonwealth* v. *Roby*, 12 Pick. 496, 502. *Commonwealth* v. *Sholes*, 13 Allen, 554, 556. *Commonwealth* v. *McCormick*, 130 Mass. 61, 62. *United States* v. *Perez*, 9 Wheat. 579. *Simmons* v. *United States*, 142 U. S. 148, 154, 155.

It is manifest that we have no means of determining, as did the trial judge, the effect which the statement of counsel might reasonably have had upon the minds of the jurors. If the judge, acting impartially, as we must assume he did, believed that the statement of counsel was likely to result in an unjust verdict, we cannot say that his action was without justification. Of course, he could not exercise the power vested in him to act arbitrarily or without good cause to believe that the action he took was necessary to prevent great injustice either to the Commonwealth or to the defendant. The power of the court is always to be used alike for the protection of the public and for the security of the defendant in his right to an impartial trial. It cannot be said as matter of law that the judge was not justified in dismissing the jury on the ground that the ends of justice

and public interest were likely to be defeated if the case were allowed to proceed to a verdict.

In determining that no error of law appears for the reasons stated, it is unnecessary to decide whether G. L. c. 263, § 7, is applicable to the facts in the case at bar.

*Judgment on the verdict.*