RAYMOND D. HART, administrator, *vs.* MORRIS AND COMPANY.

Middlesex.　　January 26, 1927. — April 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory. *Witness,* Leading questions in direct examination. *Practice, Civil,* Argument to jury, Exceptions.

At the trial of an action of tort by an administrator against the owner of a motor truck driven by an employee of the defendant for causing the intestate's conscious suffering and death, there was evidence that, while the intestate was standing in a street in front of his employer's place of business, at the outside rear fender and facing the rear of a

motor vehicle, which was drawn up parallel to the curb and was being supplied with gasoline by a fellow employee whom he was assisting, he was struck by the defendant's truck coming from behind him. The defendant's evidence tended to show that the defendant's truck swerved to his right and struck the intestate because of reckless driving of a third motor vehicle which struck his left front wheel. *Held,* that the questions, whether the plaintiff's intestate was guilty of contributory negligence and whether the defendant's employee was negligent, were for the jury.

The determination of the question, whether and how far leading questions of a witness in direct examination shall be permitted, rests in the judicial discretion of the trial judge.

If, during a closing argument, counsel for one of the parties to an action bases contentions respecting a material issue upon alleged facts which have not been introduced in evidence at the trial, and opposing counsel seasonably objects and calls attention of the trial judge thereto, and the judge neither stops the arguing counsel nor gives any instructions to the jury that they were not to consider such contentions, exceptions by the party prejudiced thereby must be sustained.

TORT, by the administrator of the estate of John Donald Grant, for negligently causing conscious suffering and the death of the plaintiff's intestate. Writ dated January 17, 1925.

In the Superior Court, the action was tried before *Greenhalge, J.* Material evidence and exceptions by the defendant are stated in the opinion. The jury found for the plaintiff on a count for conscious suffering in the sum of $1,500 and on a count for causing death in the sum of $6,000. The defendant alleged exceptions.

*J. W. Black, Jr.,* for the defendant.

*W. H. Wilson,* (*R. D. Hart* with him,) for the plaintiff.

BRALEY, J. This is an action of tort to recover damages for the conscious suffering and death of the plaintiff's intestate. The defendant at the close of the evidence moved for a directed verdict. It was denied and, the jury having found for the plaintiff, the case is here on the defendant's exceptions.

The accident happened in the afternoon of June 18, 1924, on Thorndike Street in the city of Lowell. The street, which has a car track in the center, runs in a northerly and southerly direction, and at the time of the accident there were motor cars parked at intervals along the westerly side

for some distance, while others were passing in each direction more or less frequently. A Ford touring car, owned by one Bouchard and facing north, was standing on the easterly side of the street near the curbing, where it was being filled with gasoline from a sidewalk filling station of the Marcus Bradford Company. The plaintiff's intestate, nearly sixteen years of age, was an employee of the company. While Marcus was putting gasoline into the tank of the car under the front seat, Bouchard went to the rear of the car and examined the tires, and, upon ascertaining that the rear left tire was deflated, he stooped, and inflated it with the air hose. The intestate voluntarily walked from the sidewalk to the rear of the car to observe what Bouchard was doing. While Bouchard was at work, he asked the intestate to get an air gauge, an instrument for measuring the air pressure. The intestate complied and, returning with the gauge, stood facing north on the street about a foot to the south of Bouchard and either abreast of, or slightly in the rear of, the left fender of the car, when he was struck by a motor truck owned by the defendant coming from the south, operated by one Gardner, an employee of the defendant.

The defendant, however, contended that for a period just before and at the time of the accident, the truck had been wrested from Gardner's control by the unlawful, reckless or negligent act of the operator of a third vehicle which, coming from Gardner's rear, cut from his left into collision with the left front wheel, which was thrown to the right, causing the steering wheel to be wrenched from his grasp and causing the truck to move to the right and to strike the intestate before Gardner could regain control.

It could not have been ruled as matter of law that the intestate was careless. The burden of proof, under the answer, was on the defendant, and whether it had been sustained was for the jury. *Mercier* v. *Union Street Railway,* 230 Mass. 397. The driver testified that he noticed the car in front of the station and two men working on the front wheels, and although he gave himself "plenty of room to clear" his right mudguard might have hit one of the "boys," meaning Bouchard and the intestate. He also saw the "two

men go over on the street." He stopped his truck as soon as possible, went back, and found, that "the two men were being taken care of."

The question, whether the intestate was injured and killed solely by the defendant's truck coming in contact with him also was for the jury. The evidence of the defendant's witnesses, that one of the cars, referred to in the record as a Ford car, and as a Chalmers car, registered in the States of Virginia or in West Virginia, struck and deflected the truck, or "cut in" ahead of the truck, causing the accident, the jury could decline to accept as true, and could find that the proximate cause was the defendant's negligence. *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570, 575.

We find no error in so far as argued in the rulings on the admission of evidence to which the defendant excepted. The judge in his discretion could permit plaintiff's counsel to ask leading questions in the examination in chief of his own witness, one Brody, which is not shown to have been abused. The conflicting character of his testimony, and what weight, if any, should be given to it were for the jury.

But in the closing argument counsel for the plaintiff referred to an "irreversible steering gear," a type of gear which prevented the turning of the front wheels of a motor vehicle to the left or to the right, and the resulting change of direction of the moving vehicle, through any blow or impact operating externally upon the wheels, and asserted that the defendant's truck was thus equipped, and that the accident could not have happened by reason of the left front wheel of the defendant's truck having been struck by either the Chalmers car or Ford car "with the Virginia registration." It was further argued that, even if one of the cars referred to had struck the truck, it could not have been deflected and that, without reference to the character of the gear, the defendant's driver might have been negligent, and that upon all the evidence the defendant's car was not struck by any other car. But even if, as previously said, the question whether the truck was struck was one of fact, there was no evidence that it was equipped with an irreversible steering gear, and defendant's counsel seasonably interrupted the

argument because not warranted by the evidence, and asked the judge to instruct the jury to disregard the statements concerning the gear and its use.   The judge, subject to the defendant's exception, denied the request and gave no instructions to the jury that they were not to consider the question, whether the truck was equipped with a gear of this description.   The argument was prejudicial.   It tended to discredit the defendant's contention, that it had not been negligent, and the refusal of the judge to stop counsel, and to instruct the jury that his argument was improper and should not be followed was erroneous.   *O'Neill* v. *Ross*, 250 Mass. 92, 96, 97.

The motion for a directed verdict was denied rightly, and the exceptions taken at the hearing on a motion for a new trial have become immaterial.   But, for the reasons stated, the entry must be,

*Exceptions sustained.*