COMMONWEALTH *vs.* FREDERICK WITSCHI.

Middlesex.    November 7, 1938. — November 15, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Practice, Criminal,* Requests, rulings, and instructions; Argument of counsel; Charge to jury.

No prejudice resulted to the defendant at a criminal trial from the judge's failing to inform his counsel as to the disposition of his requests for instructions until during counsel's argument, when the judge informed counsel in the presence of the jury that one request would be refused and the others given.

A request for instruction at a criminal trial, that if the defendant was guilty, another person also "violated the law" and would be subject to prosecution, was immaterial to the case and was properly refused.

In the circumstances, no prejudice to the defendant at a criminal trial nor abuse of discretion was shown by the judge's stopping the defendant's counsel, during the course of his argument to the jury as to his "interpretation of the law as expressed in" a certain request for instruction, and informing him in the presence of the jury that that request would not be given, and in later reading that request to the jury with a statement that it was denied as immaterial and had been asked only for the improper reason "to gain sympathy for the defendant."

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on November 23, 1937.

On appeal, the case was tried in the Superior Court before *Hobson,* J. The defendant was found guilty and alleged exceptions.

*M. H. Tobin,* for the defendant.

*J. P. O'Sullivan,* Assistant District Attorney, for the Commonwealth.

FIELD, C.J. The defendant was tried in the Superior Court, on appeal, upon a complaint charging him in sub-

stance with operating a motor vehicle upon a public way while under the influence of intoxicating liquor. See G. L. (Ter. Ed.) c. 90, § 24. He was found guilty.

At the trial there was evidence tending to show these facts: The defendant was travelling on a public way with two other persons in a motor vehicle owned by the defendant and operated by one of those persons, a boy sixteen and one half years old, in the employ of the defendant. The defendant was a licensed operator. The boy who was operating the motor vehicle was not a licensed operator. He was operating the motor vehicle "by virtue of the license of the defendant and under his control." The defendant was intoxicated.

The defendant seasonably submitted four requests in writing for instructions to the jury, of which request numbered 4 was as follows: "If the jury find that the defendant is guilty of operating a vehicle while under the influence of liquor then as a matter of law the operator of the defendant's vehicle violated the law and is in legal contemplation subject to prosecution, if he was operating the vehicle by virtue of the defendant's license." The judge, without informing counsel for the defendant whether the request would be granted, directed him to proceed with his argument. Such counsel "argued his interpretation of the law as expressed in request number four. During his argument the court informed him in the presence of the jury that request number four would be denied and that the court's reason for this action would be explained in the charge, but that the other requests would be given to the jury. Counsel for the defendant immediately took an exception to the court's statement and ruling denying request number four. The defendant's argument on other points was concluded." In the charge the judge, by reading "requests one and two, and request three in substance," instructed the jury in accordance therewith, and read request numbered 4, but said that it was denied.

The judge said further "that even if request number four (which he had read to the jury) was a correct statement of the law it had no bearing on the issues to be decided by the

jury in the instant case before them; that the defendant Witschi was the only person on trial; that the young driver was not on trial and his criminal responsibility was not an issue at this time . . . that the only possible reason the request was asked for was an improper one, namely, to gain sympathy for the defendant in the case because of what might happen to the driver at some future time . . . [and] that if, in determining the guilt or innocence of the defendant, they gave any consideration of how a verdict against . . . [him] might later affect the young driver and were influenced thereby, they would not be deciding the present case on the law and the evidence and would be acting contrary to their oaths as jurors." The defendant excepted to this part of the charge.

1. The exceptions present no question — and the defendant makes no contention — as to the form of the complaint or the sufficiency of the evidence to warrant a verdict of guilty thereunder.

2. The defendant had the full benefit of the instructions requested by his first three requests. It does not appear that he was prejudiced by the failure of the judge, before argument in his behalf was begun, to inform his counsel of the disposition which would be made of these requests. Whatever may be correct practice in this respect in the circumstances of any particular case, so far as appears, counsel for the defendant in this case received such information early enough to enable him to adapt his remarks to the jury accordingly. See *Commonwealth* v. *Hassan*, 235 Mass. 26, 31. And it does not appear that the defendant was prejudiced by the judge's informing counsel, in the presence of the jury after argument was begun, that the requests would be granted. Obviously there was no interference with the preservation by exception of the defendant's rights. See *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197, 200.

3. The fourth request was refused rightly since the instruction requested — even if correct, as we do not decide — was not material to the case. *Hall* v. *Kotowski*, 251 Mass. 494, 496. The requested instruction had no bearing

upon the only issue on trial — the guilt of the defendant. It was directed not to this issue but rather to the effect of a finding that the defendant was guilty upon the boy actually operating the motor vehicle with respect to violation of law by him and his liability to prosecution therefor — a matter which was not on trial in this case.

4. It is the duty of a judge sitting with a jury to guard against improper arguments to the jury. Whether he shall do this by stopping counsel in the course of such an argument, by instructing the jury to disregard such an argument, or by combining both methods, rests largely in the discretion of the judge. *O'Neill* v. *Ross*, 250 Mass. 92, 96–97. See also *Commonwealth* v. *Cabot*, 241 Mass. 131, 148, 150–151. Clearly the judge did not go beyond the bounds of sound judicial discretion in stopping the argument of the defendant's counsel "of the law as expressed in request number four." And, for aught that appears, the improper argument may have proceeded so far that its effect would not be wholly neutralized merely by stopping further argument of that nature without instructions to the jury on the subject. Furthermore, the instructions given were not improper. Reading the request which was denied, with comment thereon, may well have contributed to a clearer understanding of the law governing the case (see *Herrick* v. *Waitt*, 224 Mass. 415, 416), particularly where, as here, some argument had been made on the "law as expressed" in that request. And it is obvious that such an argument could have no effect on the verdict of the jury other than — as stated in substance by the judge — to gain for the defendant an unwarranted advantage because of possible harm which might result to the boy actually operating the motor vehicle from a verdict against the defendant. Even if the description of this unwarranted advantage as "sympathy for the defendant" may not be wholly apt, it was not prejudicial when considered in the light of the charge as a whole. The judge in the words of the charge objected to did not express any opinion as to the guilt of the defendant nor suggest to the jury the conclusion which they should reach. See *Commonwealth* v.

*Taschetta,* 252 Mass. 158, 161. Nothing in the action of the judge can justly be characterized as unfair treatment of the defendant or as showing any lack of judicial impartiality. See *Moran* v. *Otis Elevator Co.* 291 Mass. 314, 319.

*Exceptions overruled.*