ISABELLA R. HESS, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. October 6, 1939. — December 27, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, In use of way, Contributory, Causing death. *Evidence*, Competency. *Practice, Civil*, Exceptions: what questions open, whether saved; Argument by counsel; Mistrial.

Evidence did not require a ruling that there was contributory negligence on the part of a pedestrian who, while crossing a street in the daytime in full view of the motorman of a street car approaching from his left on the nearer of double tracks in the middle of the street, was struck

by the left front of the car while standing between the sets of tracks and was thrown against a motor vehicle operated on the farther tracks in the direction opposite to that of the car.

In an action for causing death under G. L. (Ter. Ed.) c. 229, § 3, evidence of the number of children the decedent had was admissible to show the existence of next of kin; and if, on an exception to its admission, it appeared that suitable instructions had been given to the jury as to its materiality, this court could not assume that it had been given weight by the jury in assessing substantial damages.

A mere objection to an allegedly improper argument to the jury is not the equivalent of an exception and saves no question of law for this court.

No abuse of discretion was shown in the denial of a motion for a mistrial on the ground of allegedly improper argument by counsel to the jury, presented at the conclusion of the argument and before the charge, where the charge was not included in the record.

TORT. Writ in the Superior Court dated May 18, 1938.

There was a verdict for the plaintiff in the sum of $9,000 at the trial before *Greenhalge*, J. The defendant alleged exceptions.

*C. A. McCarron*, for the defendant.

*J. T. Doherty*, for the plaintiff.

Cox, J. The plaintiff's intestate, while a traveller on Bennington Street in Boston, was killed on May 4, 1938. Actions were brought against the defendant and one Millen to recover for his death and conscious suffering. The jury returned verdicts for both defendants on the counts for conscious suffering and for the plaintiff on the death counts. The case against Millen is not before us.

The jury could have found that the intestate, as he was crossing from the southwesterly corner of Brooks and Bennington streets diagonally in the direction of the northeasterly corner, was struck by the left front of one of the defendant's outbound cars and thrown against the left side of a truck that was being operated inbound by Millen. There are double car tracks of the defendant in Bennington Street, which is about thirty-six and one half feet wide from curb to curb, runs in an easterly direction, and is straight for several hundred feet in both directions from its intersection with Brooks Street. From the southwesterly corner of Brooks Street to the first car rail it is twelve and one half feet; between the rails it is four feet eight and one half

inches; between the tracks it is five feet, and from the outer rail of the inbound track to the northeasterly side of Bennington Street it is nine and one half feet. The intestate stepped from the curbing at the southwesterly corner, hesitated a few seconds, looked both ways and proceeded to walk across the street. When he started to cross there were no moving vehicles anywhere near the intersection except the street car and an automobile that was following it. When he was at the second rail of the outbound track, he hesitated and turned his head to the right and then to the left in the direction from which the defendant's car was approaching; he remained in that position for two or three seconds before he was hit. He was seen to "walk across and stop in the middle of the two rails, the 'dummy' [the space between the two tracks] and look around; . . . he stayed . . . [there] for a few seconds." When the intestate was at the second rail of the outbound tracks "or just a little over the second rail," the street car was from twenty-five to fifty feet "back of the intersection of Brooks Street," and moving at the rate of twenty-five miles an hour. Brooks Street is thirty-one feet wide from curb to curb. By reference to the plan in evidence and the testimony of a witness, it could be found that when the intestate was a foot or a step from the second rail, the street car was approximately one hundred feet away. The day was bright and clear and the time was about one o'clock in the afternoon.

1. It could not have been ruled rightly as matter of law that the intestate was contributorily negligent. This was a question of fact and the burden of proof rested upon the defendant. The jury could have found that the Millen truck, moving toward town, had stopped back of the easterly line of the intersection of Bennington and Brooks streets and, in response to a signal from a police officer, who was standing at the corner, proceeded to cross the intersection, "straddling the nearest rail to the curb," without changing its course and was in the center of the intersection when the intestate, who was "just alongside" the truck, was struck by the street car. To remain where the intestate did cannot be said, as matter of law, in all the circumstances to have

been negligent, nor can it be so said that an emergency had been created through his fault. He was entitled to rely to a reasonable extent on the expectation that the motorman would not fail to take such reasonable precautions for his safety as the traffic conditions required. *McBride* v. *Middlesex & Boston Street Railway*, 276 Mass. 29, 33, 34, and cases cited. *Nicholson* v. *Babb, ante,* 216. See *Donovan* v. *Mutrie,* 265 Mass. 472, 476, 477; *Hayes* v. *Boston Elevated Railway,* 269 Mass. 448; *Burrill* v. *Boston Elevated Railway,* 270 Mass. 316, 318. This is not a case where the only conclusion permissible is that the deceased suddenly stepped from a place of safety directly in front of a moving vehicle. *Nicholson* v. *Babb, ante,* 216, 219, and cases cited. It could have been found that, when the street car was more than one hundred sixty feet from the point of contact, it slowed down momentarily to ten miles an hour, or approximately fifteen feet a second, and then proceeded, travelling at the rate of twenty miles an hour. See *Scherer* v. *Boston Elevated Railway,* 238 Mass. 367; *Callahan* v. *Boston Elevated Railway,* 286 Mass. 223. What the intestate saw when he stepped from the curbing, and what judgment, if any, he may have formed as to whether in the circumstances disclosed to him it was reasonably safe to attempt to cross the street, are matters which, it may be said, death has prevented us from knowing. In any event he was crossing a public way in full view of the motorman. *Snow* v. *Boston Elevated Railway,* 303 Mass. 420, and cases cited. *Pond* v. *Somes,* 302 Mass. 587, 591. *DeAngelis* v. *Boston Elevated Railway, ante,* 461. There was no error in the denial of the defendant's motion for a directed verdict on the ground of contributory negligence. The question of negligence of the motorman has not been argued.

2. The plaintiff, in direct examination, was asked how many children she and the intestate had. Subject to the defendant's exception the plaintiff was permitted to answer. An action against this defendant for death resulting from negligence can be brought only under G. L. (Ter. Ed.) c. 229, § 3, which provides in part as follows: "If a corporation operating a railroad, street railway or electric rail-

road, by reason of its negligence or of the unfitness or
negligence of its agents or servants while engaged in its
business, causes the death of a passenger, or of a person in
the exercise of due care who is not a passenger or in the
employment of such corporation . . . Such corporation
shall . . . be liable in damages . . . which shall be recov-
ered in an action of tort . . . by the executor or adminis-
trator of the deceased, and distributed as provided in
section one." *Foynes* v. *New York Central Railroad*, 276
Mass. 89, 91. Said § 1 provides that the damages are "to
the use of the surviving wife or husband and children of
the deceased in equal moieties, or, if there are no children,
to the use of the surviving wife or husband, or, if there is
no surviving wife or husband, to the use of the next of kin."
In an action brought to establish liability under St. 1907,
c. 375, of a defendant for negligence in causing the death
of a person where one half of the amount of recovery was
to the use of the widow and one half to the use of the chil-
dren of the deceased, or, if there are no children, the whole
to the use of the widow, or, if there is no widow, the whole
to the use of the next of kin (see now G. L. [Ter. Ed.]
c. 229, § 5, as amended by St. 1937, c. 406, § 3), it was
said in *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.*
272 Mass. 448, at page 453: "Where action, under stat-
utes similar to the one invoked by the plaintiff, has been
brought by the personal representatives to recover dam-
ages for the death of a decedent caused by the negligence
of another, it has been held to be a condition precedent
to recovery to show that the deceased left a widow or
next of kin to whom the penalty when recovered may be
paid." (See cases cited.) See *Hirrel* v. *Lacey*, 274 Mass.
431, 436; *Pond* v. *Somes*, 302 Mass. 587, 592. The evi-
dence that was objected to was competent. When the
evidence was introduced, the judge instructed the jury
that the number of children made no difference, that all
that it was necessary to show was that there were next of
kin, "and it has no further materiality in the case at all."
Apart from this, it has been said that "As matter of practice
it is usual to allow parties to ask such questions [as to a

party's family]. As matter of law it is within the discretion of the judge to allow such testimony." *Luiz* v. *Falvey*, 228 Mass. 253, 257. *Goldman* v. *Ashkins*, 266 Mass. 374, 379. *Cushing* v. *Jolles*, 292 Mass. 72, 75–76. The contention of the defendant that the evidence was misused by the jury is disposed of by what was said in the case last cited, at page 76: "The defendant argues that the size of the verdict indicates that this evidence was given sympathetic weight in assessing damages. This cannot be assumed. . . . If the damages were excessive, the remedy was by motion to set aside the verdict."

3. The defendant's final contention is that the argument of counsel for the plaintiff was improper and that thereby its rights were injuriously affected. In the course of the argument, the plaintiff's counsel referred to the testimony as to the children, whereupon counsel for the defendant objected. The judge then stated: "I think there need be no further argument on that ground. As I told the jury, the number of kin has nothing to do with the case, as long as there are next of kin." Later on in his argument, counsel for the plaintiff referred to an investigator of the defendant as "a human vulture." Counsel for the defendant objected and asked that the characterization be struck out "and the jury instructed to strike it out." Counsel for the plaintiff then stated: "I have a right to characterize testimony," and the judge said: "You have, to a certain extent." No exception was saved by the defendant. At the conclusion of the argument, and before the charge, the defendant moved that a mistrial be declared on the ground of impropriety of argument; the motion was denied, subject to the defendant's exception. The objection made in the course of the argument that was not followed by an exception is not before us. *Korobchuk's Case*, 277 Mass. 534, 537. *Swart* v. *Boston*, 288 Mass. 542, 543, and cases cited. See *Commonwealth* v. *Cabot*, 241 Mass. 131, 151. The rights of the defendant in the case at bar depend upon its exception to the denial of its motion. The duty of a trial judge where an improper argument is made has been stated from time to time. See *London* v. *Bay State Street*

*Railway*, 231 Mass. 480; *Commonwealth* v. *Cabot*, 241 Mass. 131; *O'Neill* v. *Ross*, 250 Mass. 92; *Commonwealth* v. *Cronin*, 257 Mass. 535; *Hart* v. *Morris & Co.* 259 Mass. 211; *Commonwealth* v. *Sherman*, 294 Mass. 379, 391; *Commonwealth* v. *Witschi*, 301 Mass. 459, 462. A judge may, in the exercise of sound discretion, declare a mistrial if it thereby appears to him that the ends of justice are likely to be defeated if a case is allowed to proceed to a verdict. *Commonwealth* v. *Cronin*, 257 Mass. 535. This court has no means of determining, as had the trial judge, the effect that the statement of counsel might reasonably have had upon the minds of the jurors. In the exercise of a sound discretion, he may have decided that in his charge to the jury, which in the case at bar is not reported, he could amply safeguard the rights of the parties. "It is the duty of a judge sitting with a jury to guard against improper arguments to the jury. Whether he shall do this by stopping counsel in the course of such an argument, by instructing the jury to disregard such an argument, or by combining both methods, rests largely in the discretion of the judge." *Commonwealth* v. *Witschi*, 301 Mass. 459, 462, and cases cited. "The judge is not required to stop counsel at the moment of his offence. Judicial duty to see that there is a fair trial may render that course desirable under certain circumstances. The judge in a flagrant case may rightly think that the only way to accomplish justice is to stop the improper argument forthwith rather than to permit it to proceed to a conclusion and later attempt in his charge to counteract the baleful influence which in the meantime may have already warped the opinion of the jurors. Much must be left to the discretion of the judge in this respect. . . . It is the plain duty of a judge presiding over a jury trial to take note of improper arguments and to neutralize their effect." *O'Neill* v. *Ross*, 250 Mass. 92, 96. We must assume that the judge properly instructed the jury as to the points of law involved upon this record. It cannot be said that as matter of law it was error to deny the defendant's motion that a mistrial be declared.

*Exceptions overruled.*