RICHARD SHEA *vs.* D. & N. MOTOR TRANSPORTATION CO.
(and a companion case [1]).

Suffolk. May 2, 1944. — June 26, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Practice, Civil,* Mistrial.

No error appeared in the denial of a motion for a declaration of a mistrial presented at the time of the opening address to the jury by counsel for the plaintiff and based on certain remarks therein, admittedly improper, in which he commented on his experience of years as a trier before juries, his belief in the jury system, and the fact that the case on trial would be his last, where it appeared that at the end of the charge to the jury the judge instructed them that the fact that the case was counsel's last was "of no concern and should have no influence whatsoever in determining the issues," and recalled to them that they were sworn to determine the issues solely on the evidence and the law.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the Dorchester District dated April 23, 1940.

On removal to the Superior Court, the cases were tried together before *Spalding*, J.

*H. S. Avery,* for the defendants.

*J. J. Hennessey,* for the plaintiff.

WILKINS, J. These are two actions of tort for bodily injuries sustained by the plaintiff when struck by a truck owned by the corporate defendant and operated by the individual defendant. The jury returned verdicts for the plaintiff. The only exception relates to the refusal of the judge to declare a mistrial by reason of statements made in the plaintiff's opening.

The plaintiff's counsel, a well known citizen, concluded his opening as follows: "I have briefly stated the case to you gentlemen. I would like to go into things a little bit more carefully but I have been trying cases for forty-five years. This is the last time I will appear in the trial. I

---

[1] The companion case is by the same plaintiff against Rocco Papaluca.

started my first jury case in September, 1897. I am advised that I can't go into matters again with the power and with the fervor [pounding his breast over his heart and with some display of emotion] that I have always had but my associate, . . . [naming him], will go on with the case, present the evidence to you, Mr. Foreman. I will sit in and I will help him as much as I can, but I have got to yield to time, as we all must; and I want to take this opportunity in my final chance to talk before the juries of Suffolk County and in my long experience in the trial of cases I have come to find and to believe that the jury system as we have it is one of the strong bulwarks of our nation. My experience that justifies that isn't confined to Suffolk County alone. I have a wide acquaintance with the system as it prevails throughout the nation and my association with other men and I feel as long as our jury system can be maintained you and I can walk fearlessly in this world as long as we are here; and that this court house, standing out as it does at the top of this hill, is a warning to all that justice is going to be obtained. I have stepped probably a little further in an opening than is allowed but inasmuch as this is my last appearance, Your Honor, I trust you will forgive it and indulge me to that extent." The counsel for the defendants thereupon moved that the judge declare a mistrial. The judge denied the motion, and the defendants excepted. In his charge to the jury the judge said, "And there is one final statement I am going to make here. In the course of the plaintiff's opening something was said about it being his last case. That is undoubtedly an important event in any lawyer's life and I can understand perhaps how a man would make a statement of that kind. But you are sworn, Mr. Foreman and gentlemen, to try this case on the evidence and only on the evidence and the law as I give it to you and of course whether it is a man's, a lawyer's, first case or his last or his one thousandth, is a matter of no concern and should have no influence whatsoever in determining the issues in this case." No objection was made to the charge.

The remarks of counsel were admittedly improper. See *Posell* v. *Herscovitz,* 237 Mass. 513; *Schusterman* v. *Rosen,*

280 Mass. 582; *Commonwealth* v. *Clark*, 292 Mass. 409, 410. The declaration of a mistrial rested within the sound discretion of the presiding judge, who was in a position (in which we are not) to determine the effect which the statement might reasonably have had upon the minds of the jurors and whether the impression created was too strong to be removed. *Commonwealth* v. *Cronin*, 257 Mass. 535, 537. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 541. *Curley* v. *Boston Herald–Traveler Corp.* 314 Mass. 31. See *Throckmorton* v. *Holt*, 180 U. S. 552, 567. The judge, in any event, was not obliged to declare a mistrial, provided he adequately guarded against all improper effect. It was also within his discretion to decide when to take the requisite steps to that end. He might have done so peremptorily and at once, or he could reserve action until his charge, as he in fact did at the impressive moment of the close. His instructions, after solemnly recalling the nature of the juryman's oath, clearly and concisely directed the jury to confine their deliberations to the issues presented by the evidence and to exclude therefrom the valedictory statements in the opening. It must be assumed that these instructions were followed. *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501, 523. *Commonwealth* v. *Barker*, 311 Mass. 82, 88. The pertinent principles have often been stated. *O'Connell* v. *Dow*, 182 Mass. 541. *London* v. *Bay State Street Railway*, 231 Mass. 480, 485, 486. *Commonwealth* v. *Cabot*, 241 Mass. 131, 148. *O'Neill* v. *Ross*, 250 Mass. 92, 96. *Stricker* v. *Scott*, 283 Mass. 12. *Commonwealth* v. *Witschi*, 301 Mass. 459, 462. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 540, 541. *Commonwealth* v. *Barker*, 311 Mass. 82, 88.

*Exceptions overruled.*