WILLIAM I. NORTON, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    February 8, 1944. — October 24, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division:
appeal.    *Error,* Whether error harmful.

In an action in a District Court against a street railway company under
G. L. (Ter. Ed.) c. 229, § 3, as amended, for negligently causing the
death of the plaintiff's intestate, no reversible error appeared in the
refusal of certain rulings requested by the plaintiff where the refusal
did not harm him in view of the judge's findings, which included a
general finding for the defendant based on a finding that the intestate
had been guilty of contributory negligence; or in the refusal of certain
rulings requested by the plaintiff as to the legal effect of mere frag-
ments of the facts or considerations bearing on the issue of contribu-
tory negligence.
No error was shown in the refusal of a requested ruling which was too
abstract and intangible to be useful, even if it was correct.
A formula, "Allowed as to statement of law in cases cited," adopted by
a trial judge in dealing with requests for rulings accompanied by cita-
tions of supporting authorities, even though it was irregular and
amounted to a refusal of the requests, was not harmful to the request-
ing party where the requested rulings were not such as the judge was
required to give.

TORT.    Writ in the Municipal Court of the Brighton
District of the City of Boston dated October 5, 1942.

The action was heard by *Connelly,* J.

*J. F. Daly,* for the plaintiff, submitted a brief.

*W. F. Coleman,* (*J. J. Phelan, Jr.,* with him,) for the
defendant.

LUMMUS, J.    This is an action of tort under G. L. (Ter.
Ed.) c. 229, § 3, as amended by St. 1941, c. 460, § 2; c. 504,
§ 2, for negligently causing the death without conscious
suffering of the plaintiff's intestate, aged sixty-five years,
who was killed on August 30, 1942, by a street car of the
defendant while crossing the car tracks on foot.    *Hess* v.

*Boston Elevated Railway,* 304 Mass. 535. *Smith* v. *Boston Elevated Railway,* 304 Mass. 422.

Under the statute, recovery can be had for the death of a person not a passenger nor an employee only where he was "in the exercise of due care." *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485. *Wanamaker* v. *Shaw,* 294 Mass. 416, 420, 421. *Brown* v. *Boston & Maine Railroad,* 302 Mass. 90. *Hess* v. *Boston Elevated Railway,* 304 Mass. 535. *Lydon* v. *Boston Elevated Railway,* 309 Mass. 205. But the burden of proof of his contributory negligence is on the defendant. G. L. (Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey,* 268 Mass. 454. *Regan* v. *Rosenmark,* 272 Mass. 256. *Wanamaker* v. *Shaw,* 294 Mass. 416, 420. *Snow* v. *Nickerson,* 304 Mass. 63, 65. *Ambrose* v. *Boston Elevated Railway,* 309 Mass. 219. *Lucier* v. *Norcross,* 310 Mass. 213, 216.

The defendant introduced no evidence, but rested its case upon the plaintiff's evidence. The judge found that the plaintiff's intestate was guilty of contributory negligence, and entered a finding for the defendant. The Appellate Division dismissed a report. The case is here on the plaintiff's appeal.

The evidence for the plaintiff tended to show the following facts. The street car that killed the deceased was travelling easterly toward the center of Boston on the more southerly of two car tracks that ran in a reservation in the middle of Commonwealth Avenue. *Sears* v. *Boston Elevated Railway,* 313 Mass. 326. In that reservation were landing platforms, to which crosswalks or paths led from each side of the roadway of Commonwealth Avenue. The day was bright and clear, and the time was half past four in the afternoon. The deceased was walking across the reservation toward the southerly platform from the northerly side of Commonwealth Avenue, but not on any crosswalk or path. Her head was "down or slightly bent." The judge found as follows: "I further find that the motorman of the street car involved first observed the intestate while she was standing on the outbound loading platform [the northerly one] about a foot from the [most northerly] car rail and about sixty to eighty feet diagonally away, at which time

there was an outbound car [travelling westerly] at the end of the platform; that the intestate then stepped over the first [most northerly] outbound rail, stopped — this being forty or fifty feet away — looked ahead and to the right [toward the car that struck her] and was not seen again by the motorman until after the accident, when he saw her body about fifty feet in the rear of his car; that when he first observed the intestate he sounded his gong, checked his speed to fifteen miles per hour coming to the platform, [and] looked ahead and to the right to observe whether any persons were moving toward the [southerly] platform used by inbound passengers . . .." The deceased had lived in the neighborhood for many years, and could have been found to be familiar with the running of the street cars.

The plaintiff's claim for a report was based wholly upon the refusal to give certain requests for rulings presented by him.

The failure to give the request numbered 2, that want of due care on the part of the plaintiff's intestate is a defence, could not harm the plaintiff. The judge evidently acted in accordance with that request in finding for the defendant because of a want of due care on the part of the deceased. The request presented no question of the burden of proof.

Request numbered 3 was as follows: "If no direct testimony is available evidence of all the circumstances when sufficiently full may be enough to warrant the inference of due care" of the plaintiff's intestate. There was "direct testimony." The question was not whether an "inference of due care" was warranted, for the burden was on the defendant, but whether contributory negligence was proved. The judge found that it was proved. The request was too abstract and intangible to be useful, even if correct.

The same is true of request numbered 5, pointing out that the death of the deceased prevented the judge from knowing what the deceased saw and thought. That obviously was true, except as inferences from her conduct might be drawn. But it was only one consideration bearing on her due care, and under a familiar rule, hereinafter stated, the judge could not be required to lay it down as a proposition of law for the guidance of the tribunal of fact.

Request numbered 6 consisted of two different propositions, contained in two different sentences, evidently copied from *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 538. It read as follows: "The plaintiff was entitled to rely to a reasonable extent on the expectation that the motorman would not fail to take such reasonable precautions for her safety as the traffic conditions required. This is not a case where the only conclusion permissible is that the deceased suddenly stepped from a place of safety directly in front of a moving vehicle." The first sentence plainly fell within the rule that a judge need not instruct the fact-finding tribunal as to the legal effect of a fragment only of the facts or considerations bearing on an issue, or call such a fragment to its attention. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *Commonwealth* v. *Polian*, 288 Mass. 494, 499. *Logan* v. *Goward*, 313 Mass. 48. *Whitehouse* v. *Cities Service Oil Co.* 315 Mass. 108. That rule applies to rulings by a judge sitting without jury as well as to instructions to a jury. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223. *Gibbons* v. *Denoncourt*, 297 Mass. 448, 454. *Cameron* v. *Buckley*, 299 Mass. 432, 434. The judge was not required to rule as requested in the first sentence, even if the plaintiff was entitled to have a judge sitting without jury deal separately with different propositions contained in a requested ruling presented as a unit.

As to the second sentence, there was no error in the failure of the judge to grant it in terms, even if he was bound to deal with it separately. The judge found expressly that the deceased did not step in front of a moving vehicle but came in contact with the left side of the street car. That express finding showed that the judge could not have found the deceased guilty of contributory negligence of the sort referred to in that second sentence. In substance the plaintiff had all the practical benefit that he could have derived had that second sentence been given in terms.

Request numbered 8 was plainly within the fragment rule, already mentioned. It was in substance an argument based on some of the facts. The same is true of request numbered 11.

The several requests were accompanied by the citation of cases in support of the propositions stated in them. In dealing with a number of the requests, the judge adopted an unusual formula, namely, "Allowed as to statement of law in cases cited." The legitimate purpose of a request is to require the judge in his strictly judicial capacity to instruct himself as the fact-finding tribunal with respect to the relevant law in order to make sure that his general finding is not the result of an erroneous view of the law. *Perry* v. *Hanover*, 314 Mass. 167, 173. *Langdoc* v. *Gevaert Co. of America, Inc.* 315 Mass. 8. *Commonwealth* v. *Hoff*, 315 Mass. 551, 554. *Liberatore* v. *Framingham*, 315 Mass. 538, 543. Each request required the judge to decide whether the proposition therein stated was good law, relevant to his duty as the fact-finding tribunal, and required for the guidance of such a tribunal. Whether it was supported by the cases cited was beside the point. But since the judge was not required to give any of the requested rulings that have been argued, so far as they were not given, no harm was done by the adoption of the formula in question in this particular case, even though it was the equivalent of a refusal to give the requested rulings.

<em>Order dismissing report affirmed.</em>