HENRY F. GARDNER *vs.* STATE TAXI, INC. & another.

Suffolk. April 2, 30, 1957. — May 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Practice, Civil,* Argument by counsel; Exceptions: whether error harmful. *Error,* Whether error harmful.

It was improper for counsel for the plaintiff in an action for personal injuries to ask the jury in his argument to award the plaintiff certain sums for "total disability" and "partial disability" over certain periods where the evidence did not warrant a finding of either kind

of disability for the period stated; such argument was not defensible as being the equivalent of a request for an award for pain and suffering. [30–31]

There was error prejudicial to the defendant in an action for personal injuries where the judge took no steps to counteract an improper argument to the jury by the plaintiff's counsel respecting damages despite prompt objection by the defendant's counsel at the time of the argument and a request by him before the charge for an instruction to the jury to disregard it, and it appeared from the amount of the verdict that the jury had followed the argument in ascertaining damages. [31]

TORT. Writ in the Superior Court dated May 18, 1954.

The action was tried before *Morton, J.*

*Michael T. Prendergast,* for the defendants.

*Timothy J. McInerney,* for the plaintiff.

SPALDING, J. In this action of tort for personal injuries verdicts were returned for the plaintiff. The defendants concede that there was evidence warranting verdicts in some amount for the plaintiff.[1] The case comes here on the defendants' exceptions to the failure of the judge to give certain instructions and to an alleged improper argument of the plaintiff's counsel.

A summary of the evidence material to the questions raised is as follows: On May 8, 1954, the plaintiff was injured by a taxicab owned by the corporate defendant and operated by the individual defendant. The plaintiff testified that he had had a colostomy in 1951 and had been suffering from this condition since that time; that he had been confined to the Boston City Hospital before the date of the accident; that following the accident he had been treated about thirty times at an expense of $265 by a physician for "the bleeding that was caused around the ring of the colostomy," for an aggravation of an existing ulcer, and for dizziness, headaches, back trouble, trouble to leg and hip, severe diarrhea and abdominal discomfort; and that he had incurred an expense of $60 for X-rays. The plaintiff further

___

[1] The declaration contained two counts. In one the plaintiff sought to recover from the corporate defendant; in the other he sought to recover from the individual defendant. See G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1, as amended.

Gardner *v.* State Taxi, Inc.

testified that he was "confined to his bed and his home until sometime in the middle of July; and that thereafter his movements were restricted and . . . he was on a diet." In response to questions put by his counsel the plaintiff testified as follows: "Q. Were you gainfully employed May 8, 1954 [the date of the accident]? A. No. Q. Can you tell us why not? A. I am considered totally disabled. Q. Were you getting total disability assistance under the act? A. I get $93.10. Q. When did you last work prior to the accident? A. In August, 1951."

Counsel for the plaintiff in his argument stated, "I ask you to give . . . [the plaintiff] $200 a week for total disability, multiply it by six months [objection by counsel for the defendants], six times eight is $4,800. Give him $100 for partial disability, that is $400 [objection by the defendants' counsel], and give him his medical expenses of approximately $300 [objection by the defendants' counsel]." "If you do that the Commonwealth will salute you, the city and the county will salute you." Before the charge the defendants' counsel asked the judge to instruct the jury to disregard the foregoing argument. The judge, however, did not do so and at the close of the charge the defendants excepted to this omission to charge.

We are of opinion that the argument of counsel complained of was improper and the defendants' exception with respect to it must be sustained. No contention is made that the defendants did not properly save their rights. See *Commonwealth* v. *Cabot*, 241 Mass. 131, 151. In asking the jury to award the plaintiff $200 a week for total disability and to "multiply it by six months" and to award him $100 a week for four weeks for partial disability, counsel for the plaintiff was going far beyond permissible limits. There was nothing in the evidence that would justify a finding of a total disability of six months or partial disability of one month. The accident happened on May 8, 1954, and the only evidence of disability was that the plaintiff "was confined to his bed and his home until sometime in the middle of July" (a period of eight or nine weeks) and that "thereafter his

movements were restricted and . . . he was on a diet."
This was improper argument and it was incumbent upon
the judge to counteract its effect. Whether he stop counsel
at the moment of the offence, or deal with the subject later
in his charge is a matter largely within his discretion.
*O'Neill* v. *Ross*, 250 Mass. 92, 96. But the judge here did
neither of these things, although the matter was seasonably
brought to his attention by the defendants' counsel. This
was error and error that was prejudicial. The jury returned
a verdict against each defendant in the amount of $5,500.
This amount coincided exactly with that asked for by the
plaintiff's counsel. The plaintiff seeks to justify this argu-
ment by suggesting that the total and partial disability
mentioned in his argument was the equivalent of a request
for damages for pain and suffering. We do not agree. We
think that the expressions "total disability" and "partial
disability" fairly construed referred to impairment in whole
or in part of earning capacity and would be so understood
by the jury.

Since there must be a new trial we need not consider
whether the judge also erred in refusing to grant one of the
defendants' requests on the issue of damages. In all prob-
ability that question will not arise in precisely that form at
another trial.

*Exceptions sustained.*